## WHITNEY V. HACKNEY.

1. **Costs:** TAXATION OF. Where a number of witnesses summoned by the plaintiff were in attendance at the trial to testify touching an issue joined on the plaintiff's petition by the defendant's answer, and the answer was withdrawn immediately before the jury was impanneled, and a new issue was presented which rendered the testimony of said witnesses immaterial, it was held proper for the court to tax a portion of the costs to such defendants, notwithstanding he was the successful party.

*Appeal from Henry District Court.*

THURSDAY, JUNE 14.

A LIBEL suit in which the defendant was the successful party; but upon motion a part of the costs thereof were ordered to be taxed to him, excepting thereto he appeals.

*J. Tracy* for the appellant.

*H. & R. Ambler* for the appellee.

LOWE, Ch. J. — The plaintiff is the daughter of William Whitney; was under a marriage engagement with one Charles Schooley. Mrs. Whitney, her mother, was suspected of improper intimacy with men. Whilst her character in this respect was being investigated before Justice Craven, the defendant wrote to Schooley a letter which contained this statement, among other things:

*1. Costs: taxation of.*

" The man who is charged with the intimacy of Whitney's wife, boldly asserts that William Whitney's daughters are perfect minks at the same business."

This letter is made the foundation of the suit, and the plaintiff, in her petition, charges in connection therewith, that the defendant intended in writing thus to convey the impression that the plaintiff and her sister were in the habit of being too intimate with men, and guilty of illicit sexual intercourse with them, &c.

The defendant, in his answer, reiterates the truth of what is charged as being written by him, but denies that he intended to convey the meaning imputed to the letter, other than what is implied by the literal meaning of the words written.

Under this issue it would be competent, not to say the privilege and duty of the plaintiff, to offer evidence in support of the purity of her character, as that was necessarily involved thereby. For this purpose she had summoned and in attendance a number of witnesses. Just before the impanneling of the jury, the defendant withdrew his answer, which made it unnecessary to examine this class of witnesses. After verdict, the costs were apportioned between the parties, in doing which, under the circumstances of the case, we are inclined to think the court did not abuse its discretion.

Under section 3449 of the Revision, the defendant claims the right to recover all costs, being as he was, the successful party. But it appears that costs were made upon an issue which he abandoned, and refused to go to trial upon. He therefore cannot be said to be the successful party in the entire breadth of the issue as made. In such cases under section 3465, the law of costs is to be construed remedially, and the court is authorized to make such disposition of the costs as in its sound discretion may seem right. Affirmed.