## BOONE COUNTY v. WILSON ET AL.

1. **Practice**: JUDGMENT: CONFLICT OF EVIDENCE. In the case of a conflict of testimony, a judgment will not be reversed because not sustained by the weight of evidence.

2. ——: COSTS. Where no abuse of discretion is shown, an order of the inferior court apportioning costs will be sustained, if the plaintiff has recovered but a part of his demand.

*Appeal from Boone District Court.*

FRIDAY, JUNE 18.

THIS is an action against the defendant, H. R. Wilson, and the sureties on his bond as clerk of Boone county, for the years 1867 and 1868, to recover an amount of money, $831.20, and interest, alleged to have been received by him as clerk for fees and costs, and which he failed to report and account for. The answer is in denial. There was a trial to a referee who

reported the evidence taken by him, but did not make any findings of fact. The court rendered judgment for plaintiff for $165.19, and that each party pay one-half the costs. The plaintiff appeals.

*Gatch & Wright*, for appellant.

*Hull & Ramsey*, for appellees.

COLE, J.—No exceptions were taken to the evidence, and no error is assigned thereon. It is first claimed that the judg-

1. PRACTICE: judgment: conflict of evidence.

ment is not supported by the evidence. There is a conflict in the testimony. The defendant testifies that certain items for county warrants issued to assistants, which were charged to him as in part payment of the salary allowed him, were issued to pay for services pertaining to the duties of his predecessor, and which were left unperformed; and that the Board of Supervisors employed such assistants on its own account, and the charges against him were improper. And also that certain other charges were for money paid on contracts for work under sealed bids, and which the supervisors took into their own hands. Under the oft repeated rule respecting the conflict of evidence, we cannot set aside this judgment because it is not supported by the testimony.

It is next assigned as error that the court rendered judgment against the plaintiff for one-half the costs. Our statute

2. ——: costs.

provides, Rev. of 1860, Sec. 3449, Code of 1873, Sec. 2933, "Costs shall be recovered by the successful against the losing party. But where the party is successful as to a part of his demand, and fails as to part, unless the case is otherwise provided for, the court may make, on rendering judgment, an equitable apportionment of the costs." Under this and other sections (See 3451 and 3465), the order as to costs is largely discretionary; no abuse of discretion is apparent. *Bush v. Yeoman*, 30 Iowa, 479, and cases cited.

AFFIRMED.