## KOESTENBADER v. PEIRCE.

1. **Conveyance:** WARRANTY: DAMAGES. In estimating the damages for a breach of warranty in the sale of real estate, whose value the parties have fixed by agreement, the agreed value is to be taken as the actual value and from this its value as encumbered is to be deducted.

2. ———: ———: ———: EVIDENCE. The exclusion of any other than the direct method of proving damages must be shown to be prejudicial to constitute error.

3. ———: DAMAGES: RIGHT OF WAY. The appreciation in value of adjacent land belonging to the same owner cannot be considered in estimating the damages for land condemned as right of way.

4. **Costs:** APPORTIONMENT OF: PRACTICE. In the absence of a part of the facts the Supreme Court will not disturb a ruling of the trial court overruling a motion for the apportionment of costs.

*Appeal from Floyd Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

The plaintiff claims $640 and interest, and the foreclosure of a mortgage upon one hundred and sixty acres of land.

The defendant alleges that plaintiff, for the consideration of $1280, conveyed to him the lands in the petition described by a deed of general warranty, and that at the time the McGregor and Sioux City R'y Co. had condemned a strip one hundred feet wide across said premises for the purpose of constructing a railroad thereon, whereby he has been damaged

in the sum of five hundred dollars. He asks that this amount may be set off against plaintiff's claim.

There was a jury trial and a verdict and judgment for plaintiff for $403.37. Plaintiff appeals.

*Boulton & Duncan*, for the appellant.

*Starr, Patterson & Harrison*, for the appellee.

DAY, J.—I. The defendant was a witness on his own behalf, and was asked the following question: "Suppose the general market value of the land in the spring of 1869 to have been $1280, without any railroad incumbrance upon it, what would be the general market value of that land with the railroad incumbrance on it, as it then existed, and has since been constructed and operated?"

1. CONVEY-ANCE: warranty: damages.

The plaintiff objected to this question upon the following grounds: "That the witness cannot be asked the question in this form, for the reason that it seeks to elicit from the witness conclusions which should be left to the jury; the question as to the relative value being a question for the jury."

The court overruled the objection, and the witness answered, "Seven hundred and twenty dollars." The defendant also produced as a witness J. C. Burlingame, and propounded to him the same question as above, to which plaintiff objected upon the same grounds and for the following additional reason: "That in proving the value of the land with the incumbrance on it, it is error to assume a hypothetical case; and that the value of the land with the incumbrance on it should be asked without reference to the value of the land expressed in the contract between the parties." This objection was overruled, and the witness answered, "I should think it would be worth $5 per acre with the incumbrance, if it was $8 without."

The abstract does not show that we have all the evidence, and we must presume that it was proved that the consideration of the conveyance was $1280, as alleged in defendant's answer, since that is the value assumed by the court in the instruction. Upon the former appeal of this case, December term, 1873, we held that when the parties have by their agree-

Koestenbader v. Peirce.

ment fixed the value of the premises, without the incumbrance, the sum so fixed is to be regarded as such value, and must be made the basis of estimating the value with the incumbrance. This rule is just to both parties.  In an action upon a covenant of warranty the grantor is entitled to recover such sum as will place him in as good condition as if the covenant had not been broken.  *Funk v. Cresswell,* 5 Iowa, 62.

Suppose, for illustration, the land in question to have been sold for $1500, and that, in fact, at the time of sale, it was worth unincumbered only $1000, and that the incumbrance depreciates its value $500.  Then, if the actual value of the land at the time of the sale, incumbered and unincumbered, is to be made the basis of damage, the grantee could recover only one-third the consideration paid, although the land purchased is depreciated in value one-half.  This does not place him in the condition he would have occupied if no incumbrance had existed.

Upon the other hand, suppose the price paid is $1,000, and that the actual value of the land unincumbered is $1,500, and the value as incumbered is but $500, making the depreciation $1,000.

Then, upon the basis of the actual incumbered and unincumbered value, the grantee would recover the whole consideration paid, and he would have the land for nothing.

The true rule is this: if the land is worth $1,500 without the incumbrance, and $1,000 with it, it is damaged to the extent of one-third its value, and if it sold for $1,000, the purchaser is damaged $333⅓.  The questions propounded recognize this principle, and are in harmony with the rule which we established upon the former appeal.  It was proper for the witnesses to give the two relative values, in order that the jury might have a basis for the estimation of damages.

II.  The plaintiff called as a witness one Alvan Lewis, and asked the following question:  "State, if you know, what the general market value of the land in question, with the railroad incumbrance upon it was, in the spring of 1869?"  This question was objected to, as irrelevant and incompetent, and was excluded.  The

2. ——: ——: ——: evidence.

question for determination was, not what was the general market value of the land with the incumbrances, but what was that value, upon the basis of its unincumbered value being $1,280. It is clear that the fact elicited in answer to this question, without a comparison with, and a process of reasoning from other facts, could not have been made the basis of the verdict of the jury. For instance, if there had been proof of the market value of the land with the incumbrance, and without the incumbrance, the difference between these two would not constitute the amount of damages, but the jury must go further and determine the following question: If the market value of the land is a given sum, and the incumbrance in question depreciates this value a given amount, what, in the same proportion, would be the depreciation, if the market value was $1,280.

A state of facts might readily be conceived, in which it would be necessary to prove the market value with and without the incumbrances, for the purpose of furnishing the jury the data, from which to determine the market value with the incumbrances, with relation to the market value without incumbrance, as fixed by the contract of the parties. But, as this testimony does not furnish the direct mode of proving the amount of damages, but provides merely the data from which the jury, by computation, may ascertain the amount, the party who complains of the exclusion of this testimony should show affirmatively that the exclusion was prejudicial to him. This has not been done. From the whole record, there seems to have been an effort to get before the jury a measure of damages different from that recognized by us upon the former appeal in this case.

We cannot say that the record affirmatively discloses error in the rejection of this testimony.

III. This witness was also asked the following question: "You may state how much, if any, the building of the railroad, or the proceedings for the right of way, as has been described, and the prospect of the railroad being built in June, 1869, appreciated or depreciated the land; did it lower it in value from what it

3. ——: damages: right of way.

would have been if there was no railroad laid across it?" "Now you may state whether the fact that the right of way was procured across this land, and there was a prospect of the railroad being speedily built across this land, would depreciate or change the value of the land from what it would have been if there had been no right of way procured across it, or there was no prospect of a railroad being speedily built?" Another question, substantially the same, was asked this witness. All were objected to, and were excluded. In this there is no error. All these questions suggest the taking into consideration of the effect upon the value of this land, of the prospect for the speedy construction of the railroad. This might render the land much more valuable than it would have been without the right of way and without the prospect of a railroad. Yet if this right of way had not existed, and the railroad company had sought to acquire it against defendant, the company could not set off against his damages any enhancement in value because of the building of the road. Now plaintiff covenanted with defendant, that the railroad company had acquired no right of way over the premises conveyed. This covenant is broken. Defendant is to be placed in the condition he would have been in if there had been no breach. He must recover the damage he has sustained without regard to the general appreciation of his land by the building of the road.

IV. The plaintiff also offered to prove by this witness the following facts, to-wit:

"That prior to the purchase of said land, he and defendant frequently talked over the value of the land in question, with and without the railroad upon it; that defendant stated to witness frequently, that the land was worth more than $8 per acre with the railroad incumbrance upon it, and that it was worth no less on account of the railroad being upon it, and that the land was worth more in view of the prospect of the railroad being built, than it was without."

The abstract shows that this testimony was offered, "not in bar to the plaintiff's right of action, but as evidence respecting the amount of damages, and also to contradict the testimony

of defendant in reference to the value of the land with the incumbrance on it at the time." As an admission of a distinct fact, this testimony is not competent. It may well be that the land was worth more than $8 an acre with the railroad incumbrance upon it, and that it was worth even more in view of the prospect of the road, than it would have been without such prospect, and yet defendant having bought an unincumbered title, as his warranty deed conclusively shows, is entitled to recover the damage which the incumbrance occasions, without regard to the incidental benefits. Proof that he made this statement would not contradict his testimony upon the trial. This statement has reference to the actual value of the land with the incumbrance upon it, and to the relative value of the land in view of the prospect of the construction of the road. The evidence does not show that he testified to any such question upon the trial. There the question was the diminution in the value of the land because of the incumbrance, having regard, not to the actual value, but to the price fixed by the parties, and excluding any appreciation because of the prospect of the road. The questions are quite distinct.

V. The defendant, having succeeded upon his counter-claim in reducing the amount of plaintiff's claim, moved that the 4. COSTS: apportionment of: practice. costs of defendant, in trying the issue on his counter claim for damages for the breach of warranty, be taxed to plaintiff. The court overruled this motion, and from this ruling defendant appeals.

The record furnishes us no means of passing upon this question understandingly. It may be that the motion was overruled because defendant made unnecessary and unreasonable costs. The presumptions are in favor of the action of the court below, and we ought not to disturb the ruling, unless we know that we are possessed of all the facts and circumstances upon which he acted, and that his ruling, in view of all the considerations, is wrong. *Arthur v. Funk*, 22 Iowa, 238.

The cause is upon both appeals

AFFIRMED.