## STRANG V. BURRIS ET AL.

1. **Tax Sale**: REDEMPTION FROM BY MINOR: TITLE OF MINOR. Where land was devised to a minor, with a provision that possession should be delivered to him when he arrived at the age of twenty-one years, but that, in case of his death before arriving at that age, the land was to go to other parties named in the will, *held* that he, or his next friends or guardians, had, during his minority, the undoubted right to redeem the property from a sale for taxes made subsequent to the testator's death.

2. ———: ———: FACTS NOT PRECLUDING. Where the land of a minor was sold for taxes, and a tax deed executed to the purchaser, and the mother of the minor, acting in his interest, took a quit claim deed from such purchaser, and gave a mortgage back for the amount then required to redeem the land, and the mortgage was foreclosed and the land bought in by the executor of the purchaser at the tax sale, *held* that the title thus obtained under the foreclosure was no better than the original tax title, and that the minor's right to redeem from the tax sale was not cut off or affected by such intermediate proceedings.

3. ———: REDEMPTION BY MINOR AFTER DEED MADE: RENTS AND PROFITS: COSTS. Where the land of a minor was sold for taxes and a deed made pursuant to the sale, in an action by the minor to redeem, under section 893 of the Code, it was error for the court to refuse to set off the rents and profits of the land, while in possession of the defendant under the tax deed, against the amount which the plaintiff should otherwise have paid to redeem; and where all the points in the case were determined against defendants, it was error to render judgment against the plaintiff for costs.

*Appeal from Benton Circuit Court.*

### FRIDAY, JUNE 15.

THIS action involves the title to forty acres of land, and the right to redeem the same from certain claims for taxes. There was a decree for the plaintiff, which authorized him to redeem the land, and divesting the defendants of all title

thereto, upon the payment of $171.90 and the costs of the action.  The plaintiff appeals.

*O. L. Cooper*, for appellant.

*Nichols & Burnham*, for appellees.

ROTHROCK, J.—The plaintiff is a minor, aged about fourteen years, and the action is brought by his guardian.  It appears from the record before us that plaintiff's father died when plaintiff was about one year old.  The father was the owner of the land in controversy, and other lands, and he made a will which was duly admitted to probate.  The will contains the following provisions:  "I give, devise and bequeath to my son, Henry Strang, my farm situated in Benton county.  (Here follows a description of two forty-acre tracts, one of which is that in controversy.)  The above described farm or piece of land herein described to be delivered to my son, Henry Strang, with the deeds describing said property, by my executors, when the said Henry Strang shall arrive at the age of one and twenty.  And further, it is my will that should the said Henry Strang die before he arrives at the age of one and twenty, the above described property be divided as follows:  The one-half of the above described property to be given to my wife, Mary Strang, or her heirs, one-fourth to my daughter, Delia C. Williamson, or her heirs, of Augusta, Mich.; one-fourth to my son, Deltus Strang, or his heirs, of York Island, New York.  I hereby give and bequeath to my wife, Mary Strang, one-half of the yearly rents and income of the above described farm, so long as she shall remain my widow, for her support and support of my son, Henry Strang, until the said Henry Strang arrives at the age of twelve years, and I do hereby appoint my wife, Mary Strang, the lawful guardian of my son, Henry Strang, until he arrives at the age of twelve years, after which it is my will that my executors hereinafter named, or their executors, be the lawful guardians of the said Henry

Strang until he arrives at the age of one and twenty." It is further provided in the will that the other half of the rent and income of the farm be used for the general improvement of the farm, and for such other purposes as the executors may think necessary, including the education of said Henry Strang. Thomas Lewis and Abraham Anthony were by the will appointed executors, and a provision was made that they should not be chargeable with, nor accountable for, any of the estate, other than what should actually come into their hands by virtue of the will, or for any loss which should occur without their willful fault and negligence.

John Strang died in 1869, and his will was probated in the year 1870. Mary Strang, his widow, elected to take the provision made for her in the will, in lieu of dower, and some time subsequent to John Strang's death, she married one Scott. Abraham Armstrong, one of the executors appointed by the will, qualified as such. The record does not show whether the other executor qualified or not. It does not appear that the executors received any rents or profits from the land. The taxes for the year 1869 on the land in controversy were not paid, and on the tenth day of October, 1870, the same was sold for the delinquent taxes by the treasurer of the county. In 1874, a treasurer's deed was made to A. W. Bryan in pursuance of the tax sale. In 1875, A. W. Bryan conveyed the land by deed of warranty to his wife, Annie E. Bryan. On the twenty-sixth day of March, 1876, Annie E. Bryan conveyed the land by quit claim deed to Mary Strang, the widow of John Strang and mother of the plaintiff. On the same day Mary Strang executed and delivered to Annie E. Bryan a mortgage upon the land for $182.93. Annie E. Bryan died in 1877, and in October of that year her administrator foreclosed the mortgage, taking a judgment for $234, which included the mortgage and interest and attorney's fees. Mary Strang, the maker of the mortgage, was the only party defendant in the foreclosure. The land was sold under the decree, and the administrator became the purchaser in trust

for the heirs of Annie E. Bryan, deceased, and on the sixth day of January, 1879, in pursuance of the sale, a sheriff's deed was made to Burris, as administrator.    It is admitted that Burris has been in possession of the land ever since 1877; and the evidence shows that its rental value is $60 a year.   The mortgage given by Mary Strang was for the taxes which Bryan had paid on the land; and the transfer of the tax title to her and the mortgage back were intended to save the land from being sacrificed for the taxes.   The circuit court held that Henry Strang was entitled to redeem, but required him to pay the costs of the suit, and did not allow any of the rents and profits of the land to be set off against the amount of the taxes.   The defendants should have been required to pay the costs.   The plaintiff offered to redeem if he should be required to do so.   The defendants not only denied his right to redeem, but claimed that they held the absolute title under the decree of foreclosure and sheriff's deed.   Every issue in the case was determined against them, except the amount necessary to redeem.

We will now proceed to determine the rights of the parties in the land.   In the first place, the claim made by appellees that the title to this land was by the provisions of the will vested in the testamentary executors, is without foundation. It was a devise to Henry Strang, with a provision that possession should be delivered to him when he arrived at the age of twenty-one years.   In case of his death before arriving at that age, the land was to go to the other parties named in the will.   He or his next friends, or guardians, have the undoubted right to preserve his estate from being divested by tax titles. It is claimed by the defendants that the tax deed was valid, and that, as the title to the land thereunder was perfect in Annie E. Bryan, her quit claim to Mary Strang invested the latter with the title, and that the foreclosure of the mortgage for purchase money again placed the title in the heirs of Bryan.   But the tax title was not valid.   At the time of the sale the plaintiff, who was the owner of the land, was a minor,

and his right of redemption cannot be extinguished during his minority. The foreclosure of the mortgage in no manner affects his right of redemption, and the only question is, what shall he pay to redeem? His guardian claims that the rents and profits should be set off against the taxes, and this, we think, is correct. Section 893 of the Code provides that "any person entitled to redeem lands sold for taxes after the delivery of the deed, shall redeem the same by an equitable action in a court of record, in which all persons claiming an interest in the land derived from the tax sale, as shown by the record, shall be made defendants, and the court shall determine the rights, claims, and interest of the several parties, including liens for taxes, and claims for improvements made on the land by the person claiming under the tax title * * ." Herein is provided a complete equitable adjustment of the rights of the parties. If claims for improvements are to be adjusted, of course rents and profits must also be adjusted. The facts in this case are, that these defendants took possession of this land in 1877, about two years before they foreclosed their mortgage, and have been in possession from that time to the present. They had no right to the possession when they entered upon the land, and if they acquired such right by the foreclosure of the mortgage, they held the land subject to redemption. To allow them to take the rents and profits, and require the plaintiff to pay the full statutory redemption, would be grossly unjust and inequitable. They have been in possession at least five years. If they received the rent of 1877, it would be six years, excluding the current year. They are more than repaid for all the taxes, interest, and penalties which the law imposes. The decree of the circuit court will be reversed, and a decree entered quieting the plaintiff's title, and for the possession of the land, and defendants will be required to pay the costs in the court below and in this court.

REVERSED.