## ELLIOTT v. PARKER.

1. **Tax Sale and Deed:** REDEMPTION: TERMS: TAXES PAID AFTER DEED MADE: FILING DUPLICATE RECEIPTS. One who goes into a court of equity to redeem his land from a tax sale and deed, must refund to the purchaser the taxes paid by him on the property subsequent to the execution of the deed, with the interest and penalty provided by § 890 of the Code, whether duplicate receipts for such taxes have been filed with the auditor or not. Section 899 of the Code, requiring such duplicates to be filed, does not apply to such a case. (Compare *Slyfield v. Barnum*, 71 Iowa, 245.)

2. ———: ———: IMPROVEMENTS: RENTAL VALUE. A purchaser of land at tax sale, who erects buildings or other permanent improvements thereon, will, upon redemption in equity by the holder of the patent title, be credited with the value of such improvements, and will be charged with the rental value of the land, but not with the rental value of the improvements. (Compare *Dungan v. Von Puhl*, 8 Iowa, 263, and *Wolcott v. Townsend*, 49 Id., 456.)

3. ———: REDEMPTION IN EQUITY: TENDER: COSTS. Where plaintiff, in an action to redeem from a tax sale and deed, stated in her petition that she was ready and willing to pay whatever amount might be found necessary, but that amount could not be ascertained beforehand, and she made no tender of any amount, and she was allowed to redeem upon compensating the defendant for taxes paid and permanent improvements, less the rental value of the land, *held* that defendant could not, on account of the fact that no tender had been made, complain that half of the costs were taxed to him.

*Appeal from Polk Circuit-Court.*

THURSDAY, MARCH 17, 1887.

ACTION in equity to redeem real estate from tax sale. Plaintiff was the owner of an undivided one-half of the property, and was a minor when it was sold. After the treasurer's deed was executed and recorded, defendant took possession of the property, and made permanent improvements on it. The action was brought under section 893 of the Code, and the judgment establishes plaintiff's right to redeem, and determines the amount necessary to be paid in making the redemption. Both parties appeal, defendant's appeal being first perfected.

*Conrad & Campbell* and *H. G. Carpenter*, for plaintiff.

*A. N. Porter* and *Gatch, Connor & Weaver*, for defendant.

REED, J.—I. Defendant did not file with the county auditor duplicate receipts for the taxes paid by him on the property for the years subsequent to the execution of the tax deed. The judgment of the circuit court requires plaintiff, in making redemption, to pay these taxes, together with the interest and penalty thereon provided by section 890 of the Code. Her appeal is from this part of the judgment.

*1. TAX sale and deed: redemption: terms: taxes paid after deed made: filing duplicate receipts.*

We held in *Slyfield v. Barnum*, 71 Iowa, 245, that section 889 of the Code, which provides that, if the tax purchaser "neglect to file such duplicate receipts with the auditor before the redemption, such tax shall not be a lien upon the lands, and the person paying such tax shall not be entitled to recover the same of the owner of such real estate," applied only to cases where the redemption was made by paying the money to the auditor, and that, when the redemptioner, after the execution of a tax deed, goes into a court of equity to

establish his right of redemption, he will be required to refund to the purchaser the taxes paid by him on the property subsequent to the execution of the deed, together with interest and penalty provided by section 890, whether duplicate receipts have been filed with the auditor or not. There are no facts in this case which distinguish it from that. The judgment is in accord with that holding, and on plaintiff's appeal it will be affirmed.

II. The circuit court found that the value of the permanent improvements placed on the property is $700, and the correctness of this finding is not seriously questioned by either of the parties. We think it is sustained by the evidence. Plaintiff is required by the judgment to pay one-half the value of the improvements; but she is credited with one-half of the rents received by defendant for the property. The principal question arising on defendant's appeal is as to the correctness of this holding. The property in controversy is a city lot in Des Moines. The evidence shows that the rental value of the lot, without the improvements, during the time it was occupied by defendant, was $85. But the amount received by him as rent after the improvements were made is $780.40.

2. ——: ——: improvements: rental value.

It was held in *Dungan v. Von Puhl*, 8 Iowa, 263, and *Wolcott v. Townsend*, 49 Id., 456, that the occupying claimant should be charged with the rental value of the property for the purpose for which he used it. The property involved in both of those cases was farm land. The property in each was wild and uncultivated when the claimant took possession, and he reduced it to cultivation, and the holding was that he should be charged with the rental value of it as cultivated land during the time it was so cultivated. But it was said in the first case that he ought not to be charged with the rental value of the buildings and farm fixtures erected by him; and that, we think, is the true rule. The owner is entitled to be compensated for the use of his property; but there is no ground, either legal or equitable, upon which he can

Elliott v. Parker.

claim compensation for the use of the buildings which the occupying claimant has in good faith erected upon it. The judgment of the circuit court, in so far as it gives plaintiff credit for the rents collected by defendant on the improvements, is erroneous; but she is entitled to one-half of the rental value of the lot. Under this rule, the amount which plaintiff will be required to pay in making the redemption is $490, and the judgment will be modified in that respect.

III. Plaintiff alleged in her petition that she was ready and willing to pay whatever amount might be found necessary to effect a redemption; but she did not make a tender of any amount. The circuit court taxed one-half of the costs to the defendant, and the appeal brings up for determination the question as to the correctness of that order. If it had been necessary, in determining the amount which plaintiff was required to pay in making the redemption, only to ascertain the amount of the taxes paid by defendant on the property, and the interest and penalty thereon, it would be just to hold that she could not recover costs without having tendered the amount; for, in that case, she could have ascertained the amount in advance. But that was not the only question involved. She was entitled to a credit for the rental value of the lot during the time defendant was in possession, and the amount of that rental value could not be determined in advance. The order taxing a portion of the costs to defendant does not, we think, afford him any ground of complaint.

MODIFIED AND AFFIRMED.

3. ———: redemption in equity: tender: costs.