M. L. CORNOY et al. v. IRA P. WETMORE et al., Defendants; W. H. McCRACKEN, Appellant.

Tax Sale: DESCRIPTION. A deed failing to designate what parts of 1 certain tracts described therein were sold, is void as to those tracts, alone.

Sale en masse. That the whole tax is placed opposite to the first tract listed 2 and the tax on each is not stated, does not show the several parcels to have been sold en masse, where land is assessed in parcels and its description and value set opposite each parcel.

*Notice to redeem.* Where land is taxed in the name of "Johnson, Lot ,
M. & Wm.," is in possession of Wm. Johnson and Albert Harper,
3 and Lot M. Johnson is a nonresident, a notice to redeem served on
those two without mention of Lot M., and on him without the men-
tion of the others, does not cut off the right to redeem.

4 *Reimbursement for taxes.* Where a tax deed is set up against foreclos-
ure of mortgage, the holder must be repaid his taxes paid on tracts
well described, though the deed embraces others not sufficiently
described.

*Same.* The tax certificate and stub books stating taxes paid, are suffi-
4 cient evidence of such payment.

5 *Rents and profits.* Rents and profits covered by the mortgage can not
be set off against amount required to redeem from tax deed where
the deed holder, who has made lease, has received none, and holder
of original title is insolvent.

*Appeal from Dallas District Court.*—Hon. J. H.
APPLEGATE, Judge.

SATURDAY, OCTOBER 13, 1894.

ACTION to foreclose a mortgage on certain lands in
Dallas county, executed by defendant Wetmore to M.
D. McFarland to secure the payment of certain prom-
issory notes, which notes and mortgage were assigned
to plaintiffs before due. Defendant McCracken filed
his answer and cross bill, alleging that he was the
absolute owner of said lands, and in possession thereof
under a treasurer's deed to him from the treasurer of
Dallas county, and asking to be quieted in his title.
The plaintiffs, in reply, allege that said tax deed is
void, because of insufficient description of the land in
the listing, sale and deed, because the nine pieces were
sold in bulk, because notice of the expiration of time
of redemption was not served as required, and be-
cause no affidavits were filed as required, showing
service of such notice. Upon these issues the court
found that as to the twelve and one half, the seven,
and the thirteen acre pieces said tax deed and tax sale
were and are absolutely void by reason of the descrip-

tion being uncertain. As to all the balance of said lands "the court finds the tax sale thereof was and is valid, but that said tax deed is invalid, and the right of redemption from said sale has not expired for want of service of notice of expiration of right of redemption as by statute in such case made and provided." The court further found that defendant McCracken was entitled to four hundred and sixty-four dollars and fifty-four cents in redemption of said remaining tracts. Judgment and decree were entered in accordance with these findings. Plaintiffs and defendant McCracken both appeal.—*Affirmed.*

*H. E. Long* for plaintiffs.

*D. W. Woodin* and *T. R. North* for defendant McCracken.

GIVEN, J.—I. The finding and decree as to the twelve and one half, the seven, and the thirteen acre tracts is not questioned. As the descriptions of said tracts do not designate what part of either was sold, they are clearly insufficient. *Roberts v. Deeds*, 57 Iowa, 320, 10 N. W. Rep. 740; *Smith v. Blackiston*, 82 Iowa, 241, 47 N. W. Rep. 1075. Plaintiff's claim is that the lands were taxed as one entire body, and, as parts of the descriptions are uncertain and insufficient, the tax deed is absolutely void. They do not complain that the land was sold in mass, but contend that the land was taxed as one body, and that the insufficient descriptions vitiate the whole. The lands in question are in section 16, township 78, range 28, Dallas county, and are described in the assessment and in all subsequent descriptions, including the tax deed, as follows: "N. W. N. E. 40 acres, N. 23–40 S. W. N. E. 23 acres, N. W. S. W. 40 acres, S. W. S. E. N. W. 10, S. E. ⅛ S. W. N. W. 5 acres, N. 3, 20 N.

W. N. E. S. W. 1½ acres, Pt. E. ½ N. W. 12½ acres, N. E. Pt. S. E. N. W. 7 acres, E. Pt. N. E. N. W. 13 acres." In the tax deed the descriptions are written out at length. It will be observed that, although in the same section, these parcels are not so connected as to form one body of land. In the assessment book each piece is described as above, and the number of acres in each, the value of each per acre, the assessed value of each, and the value of each as equalized, is set out in each description. Clearly, this is not an assessment of the whole as one body, but of each separate tract. In the tax list the same descriptions are given, and opposite each, the number of acres and the valuation of each as equalized. The amount of the tax on each is not separately stated opposite each description, but the sum of the tax on all of the tracts is stated opposite the first description. Had the amount of tax on each tract been stated opposite the description thereof, it would not be contended that the land was taxed as one entire body. With the value of each tract and the total amount of the taxes shown as they are, the amount on each tract is readily and accurately ascertainable. We are of the opinion that these tracts were separately taxed and that the insufficient description of some of them, does not affect the rights of parties in those that are sufficiently described. Cases are cited wherein it is held that, if the title fails to part of one entire tract, it must fail as to the whole. These are not one entire tract, hence the citations are not applicable.

II. The lands in question were taxed in the tax lists of 1889 and 1890 to "Johnson, Lot M. & Wm." Notice to redeem addressed to "William Johnson and James Albert Harper" was personally served on them in due time, as shown by the affidavit of Mr. McCracken, which further shows that they were in possession, and states that William John-

son was the owner. A printed notice in the same form addressed to "Lot M. Johnson," was published as required, as shown by the affidavit of Mr. McCracken, attached, which further shows that Lot M. Johnson was a nonresident of Dallas county, Iowa. Section 894 of the Code requires such notices to be served upon the person in possession and upon the person in whose name the land is taxed, if such person resides in the county, and provides for service by publication on nonresidents. A valid tax deed can not be executed until ninety days after the completed service of the notice required by said section. *Long v. Smith*, 62 Iowa, 329, 17 N. W. Rep. 579. The notice must be directed to the person in whose name the land is taxed. *Hillyer v. Farneman*, 65 Iowa, 227, 21 N. W. Rep. 578; *Steele v. Murry*, 80 Iowa, 336, 45 N. W. Rep. 1030. "The requirements of the statute appear to us to be absolute. It is one of the steps necessary to be taken to cut off the right of redemption, and courts have no power or authority to dispense with the positive requirements of the statute on the grounds that they are unnecessary." *Bradley v. Brown*, 75 Iowa, 180, 39 N. W. Rep. 258. See, also, *Association v. Smith*, 59 Iowa, 704, 13 N. W. Rep. 849; *Hillyer v. Farneman*, *supra*. The requirement of section 894 of the Code is that notice in this case should have been given to "Johnson, Lot M. & Wm.," while the fact is that a notice addressed to William Johnson and James Albert Harper, in which Lot M. Johnson is not mentioned, was personally served on William Johnson and Harper; and notice addressed to Lot M. Johnson, in which neither William Johnson nor Harper are mentioned, was published. In *Hillyer v. Farneman*, *supra*, the notice ran to "Isaac Farneman and Cornelius Conover," who were at the time the owners of the land. The land was taxed in the name of "Farnum & Conover." This court, conceding the claim that the name "Far-

num" was used by mistake for "Farneman," held that the notice should have been in the name in which the land was taxed. The court says: "Where the land is taxed in any name, the duty of the certificate holder, as we view it, is definite and certain, and easily performed. Any ruling which would render it uncertain would only lead to mistakes, and that, too, in a matter in which it is of the gravest importance that there should be no mistake." In *Association v. Smith, supra,* this statute was held imperative as to who should make the required affidavit, and it was held that until the statute is complied with, the statutory period of redemption can not expire. The court says: "We are not authorized to say that the affidavit of some other person may be substituted because it would be as efficacious, nor are we called upon to assign any reason why the authority to make the affidavit should be limited to the owner, his agent, or attorney. When the provisions of the statute are plain and unambiguous, it is sufficient to say, '*Ita lex scripta est.*'" In *Wilson v. Russell,* 73 Iowa, 395, 35 N. W. Rep. 492, the land was in the name of J. D. Wilson, and the notice was addressed to James T. Wilson. The court held "the notice was not directed to the person to whom the land was taxed." In *Steele v. Murry, supra,* the notice was addressed to only one of the parties entitled to service, and, though served on both, was held insufficient. In *Bradley v. Brown,* 75 Iowa, 180, 39 N. W. Rep. 258, notice was served on the owner, but not on the person in possession. It was urged that notice to the person in possession would be superfluous. The court says: "We can not concur in the views of counsel. It appears to us to be contrary to the spirit of all the decisions of this court with reference to the service of the expiration of redemption notice and proof of such service. * * * The requirement of the statute appears to us to be absolute. It is one of the steps necessary to

be taken to cut off the right of redemption, and courts have no power nor authority to dispense with the positive requirements of the statute on the ground that they are unnecessary." Following the reasoning in these cases, it seems to us clear that the notices served in this case were not as required by statute, and that plaintiffs' right to redeem as to the lands sufficiently described has not expired. Defendant contends that under the presumptions which attach to the affidavit and deed the burden is on plaintiffs to show that completed service was not made. Both the affidavits and the deed show the service to have been as we have stated, and which we hold not to be a completed service.

III. Plaintiffs contend that defendant McCracken is not entitled to a judgment against the land for the taxes represented by the deed and the subsequent taxes paid by him, on the ground that their payment is not shown by the best evidence. The amounts paid were shown by the certificate and stub books. This was competent and sufficient. Code, secs. 869, 905; *Ellsworth v. Low*, 62 Iowa, 178, 17 N. W. Rep. 450; *Harrison v. Sauerwein*, 70 Iowa, 291, 30 N. W. Rep. 571. It is also urged, as another reason, that the deed was void for insufficiency of description, and *Roberts v. Deeds* and *Smith v. Blackiston, supra*, are cited. In those cases the description was insufficient as to all the land; in this, only as to part. Defendant is entitled to a judgment for the taxes paid by him on the land properly described.

IV. Plaintiffs' mortgage covers rents and profits as well as the land, and they complain of the decree because rents and profits were not deducted from the amount required to be paid to McCracken in redemption; citing *Strang v. Burris*, 61 Iowa, 375, 16 N. W. Rep. 285, and *Elliott v. Parker*, 72 Iowa, 746, 32 N. W. Rep. 494. In those cases rents

and profits were allowed the redemptioners because they were the owners of the original title. In this case William Johnson was the owner of the original title, and in possesion during the time for which rents were claimed. True, Mr. McCracken had executed to him a lease for the land, but it appears that McCracken never received any rents or profits from the land, and that William Johnson is insolvent. We think, under the facts, defendant McCracken should not be charged with anything on account of rents and profits. Our conclusion upon the whole record is that the decree of the district court should, on both appeals, be AFFIRMED.