# D. H. McGᴜɪʀᴇ v. B. Mᴏɴᴛʀᴏss, Appellant.

**Costs:** SEVERAL ISSUES. A plea in mitigation in an action for slander in accusing plaintiff of stealing cattle, which alleges that his general reputation for more than ten years has been that he was in the habit of stealing cattle, does not present an issue within Code, section 2934, providing that where there are several "issues," plaintiff shall recover costs on the issues determined in his favor and defendant on the issues determined in his favor; and though defendant prevails, in a sense, on that plea, because the verdict for plaintiff is nominal, he cannot recover the fees of witnesses called solely on mitigation, if the general verdict goes against him.

SAME. Defendant charged with two slanderous utterances, lost as to one and prevailed as to the other. Testimony adduced applied to both, and it was impossible to separate the applicability. *Held,* defendant is not, by said statute, entitled to recover half the costs.

*Appeal from Iowa District Court.*—Hᴏɴ. M. J. Wᴀᴅᴇ, Judge.

Sᴀᴛᴜʀᴅᴀʏ, Aᴘʀɪʟ 10, 1897.

Aᴄᴛɪᴏɴ to recover damages for slanderous words, alleged to have been spoken by the defendant of and concerning the plaintiff, accusing him of stealing cattle. The petition is in five counts, some alleging the speaking of the same words at different times, in the hearing of different persons, and others alleging the speaking of other words, at other times, in the hearing of other persons. The defendant answered each count, denying every allegation thereof, and to each pleaded as follows: "That at the present time, and for more than ten years last past, the general reputation and character of plaintiff in the community in which he resides, and resided during said time, is, and was, that he was in the habit of stealing cattle, and that he did steal cattle." On the trial, plaintiff

dismissed as to the first, fourth, and fifth counts of his petition, and the case was submitted to the jury on the second and third counts. The jury returned a verdict in favor of the plaintiff on the second count for one dollar, and in favor of the defendant on the third count. Defendant filed his motion, in eight different paragraphs,—the eighth being as an amendment,—to tax the costs mentioned in each to the plaintiff. This motion was sustained as to all the paragraphs except the fifth, seventh, and eighth, and overruled as to these, and judgment entered accordingly. Defendant appeals.—*Affirmed.*

*Hedges & Rumple* for appellant.

*C. S. Lake* for appellee.

GIVEN, J.—I. In the eighth paragraph of the motion, which is added as an amendment, the ground stated is that the witnesses named in the motion were called solely to the matter pleaded in mitigation, and that upon that issue the finding was for the defendant. The plea in mitigation was denied by operation of law, and therefore formed an issue in the case, and it appears that the witnesses named were examined solely as to the reputation of the plaintiff for stealing cattle. The general rule is that "costs shall be recovered by the successful against the losing party." Code, section 2933. In section 2934 it is provided: "And where there are several causes of action embraced in the same petition, or several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor." Appellant's contention is that the issue upon his plea in mitigation to the second count of the petition was an issue within the meaning of said section 2934; that it

is apparent from the amount of the verdict for plaintiff that the jury found in his favor on that issue, and therefore he is entitled to recover said costs. He cites *Whitney v. Hackney*, 20 Iowa, 461. In that case the defendant at the trial changed the issue, thus rendering the testimony of witnesses summoned and in attendance immaterial. It was held proper for the court to tax a portion of the costs to the defendant, notwithstanding he was the successful party. *Arthur v. Funk*, 22 Iowa, 239, is also cited, wherein the defendant, being successful as to a part of his cross-demand, moved to tax the costs accrued in support of his claim against plaintiff, which motion was held to be properly overruled. Referring to section 3451 of the Revision of 1860, which is the same as said section 2934, the court said: "We agree with the appellee that this section has reference primarily to a case where the petition embraces several causes of action, or where there are several issues joined upon the matters therein alleged, or the new matter contained in the answer. And yet it may very consistently and reasonably include a case where the plaintiff recovers upon his demand, and the defendant, in whole or in part, upon his set-off, counter-claim, or cross-demand." In *Upson v. Fuller*, 43 Iowa, 409, also cited, the plaintiff sued to recover eighty dollars, the value of a gun left for repairs. Defendant averred that it had been sold by him for his charges. Judgment was rendered for plaintiff for thirty-one dollars, and forty-one dollars of the costs taxed to plaintiff and one dollar to defendant, which taxation was held to be erroneous. The court, referring to that part of section 2933 providing for an apportionment of costs in certain cases, says: "This provision is intended to apply to a case where the party's demand is composed of separate claims, and not where the demand is indivisible,—not based upon separate acts or contracts,—

which was the nature of the claim of plaintiff sued upon in this case. If the rule contended for by defendant prevailed, a plaintiff's case in a suit upon a contract or for a tort, or for the recovery of the value of property, would be a hard one. He cannot recover for more than he demands, and would be liable for costs if he recovered less. The law intends to impose no such hardship upon one seeking justice in the courts." In *Mielenz v. Quasdorf*, 68 Iowa, 727 (28 N. W. Rep. 41), cited, the court says: "The plaintiff contends that facts pleaded in mitigation do not constitute a defense, and so, as to them, there is no issue, within the meaning of the Code. To this we have to say that while, in one sense, facts pleaded in mitigation do not constitute a defense, yet as, under our Code (section 2682), facts relied upon for mitigation must be pleaded, to entitle the defendant to introduce evidence of them, it appears to us that we ought to regard the plea as tendering an issue." It was held that the court should have submitted this issue to the jury. This plea in mitigation of damages is not a separate claim from that of the plaintiff. While it is, in a sense, an issue in the case, and should be submitted it is not a set-off, counter-claim, or cross-demand. It is not a separate claim from that of plaintiff, but a part of it. It is not a defense, but goes only to the amount of recovery. It is no more an issue within the meaning of section 2934, than if it were an action to recover for the conversion of property, the value of which was in issue. We do not think the cases cited support appellant's contention, nor that the court erred in overruling the eighth paragraph of appellant's motion.

II. The seventh paragraph of defendant's motion asks that one-half of all the costs, except certain items designated, be taxed to plaintiff, "for the reason that two separate causes of action were submitted and

decided; that all of said costs applied as much to one cause as to the other, plaintiff gaining the one, and defendant the other." The second count charges that on the twenty-first day of July, 1894, defendant said to A. M. Henderson, in the hearing of others: "He (meaning plaintiff) has been stealing cattle for ten years." The third count charges the speaking of the same words on the eighteenth day of July, 1894, to L. J. White, in the hearing of others. These are separate causes of action, and the plaintiff was successful on one, and the defendant on the other. Therefore, it is insisted that under said section 2934 the costs should be divided. Appellant says, in another connection, that this is not a case for the apportionment of costs, but that they must be taxed as provided in the statute; and yet this motion is to apportion costs. If it be true that the testimony of these witnesses applied to each of said causes of action, it is not possible to say what of it was upon the one, and what upon the other, and the general rule that "costs shall be recovered by the successful against the losing party" must control. We find no error in either of the respects claimed, and the judgment is therefore AFFIRMED.