## MARGARET E. ANSON v. GEORGE J. ELWOOD.

Submitted December 5, 1907—Decided February 24, 1908.

A purchaser at a tax sale who records his certificate as a mortgage pursuant to section 56 of the Tax act (*Pamph. L.* 1903, *p.* 430), is entitled to the rents and profits of the land and need not account to the owner therefor upon the redemption of the property.

On *certiorari* to Bergen Pleas.

Before Justices SWAYZE and TRENCHARD.

For the plaintiff, *Arthur H. Bissell* (*Cornelius Doremus* on the brief).

For the defendant, *Otto J. Strasser.*

The opinion of the court was delivered by

Swayze, J. This suit was brought to recover $50 as money had and received for plaintiff's use. The plaintiff owned real estate which had been sold for taxes to the defendant. A certificate of sale was issued and recorded as a mortgage of land pursuant to section 56 of the Tax act. *Pamph. L.* 1903, *p.* 430. Thereafter he collected rents to the amount of $50. The plaintiff, upon redeeming the land, claimed a credit for this amount, and, when it was denied, paid the full amount of the taxes and charges under protest, and brought this suit for the $50, which she claims was paid in excess of the amount legally due.

We assume, in view of the fact that counsel did not raise the question, that the payment was made under such circumstances that it must be held to be involuntary. The question to be decided, then, is whether the purchaser of land at a tax sale is chargeable with the rents and profits as if he were a mortgagee in possession. The question is purely one of statutory construction. We think that the provision for recording the certificate as a mortgage is not very forceful in the plaintiff's favor. The object of recording as a mortgage is to mark the distinction between the effect of the certificate before proceedings have been taken to bar the right of redemption and its effect after such proceedings, when the same certificate, with affidavits and proofs of notice annexed, is to be recorded as a deed. In the first case the certificate is a mere lien; in the second, the purchaser has an absolute estate in fee or for a term of years.

The provision that upon recording the certificate as a mortgage the purchaser shall be entitled to the immediate possession of the property, and to all the rents and profits for the term of the sale or until redemption, is of itself not conclusive against the present plaintiff, since the purchaser may be entitled to those rents and profits subject to a liability to account when the owner redeems. But section 56 gives the purchaser at the tax sale the option of two courses. He may have the certificate of sale noted on the records for unpaid

taxes, or he may have it recorded as a mortgage.  It is only
in the latter case that he is entitled to the immediate posses-
sion and to the rents and profits.  We think this was meant
to secure him something more than he would have if the cer-
tificate were merely noted on the record of unpaid taxes.  Yet,
if the plaintiff's contention is correct, he would be in a worse
position, for he could in no event receive more than his pur-
chase-money and twelve per cent. interest, while he would be
under a liability to account for the rents.  No one would, if
such were the effect, adopt the second alternative, and the
provisions in the act would be quite useless.  We are con-
firmed in this view by the provision in section 57 fixing the
right of the owner upon redemption.  The language is that
the purchaser, upon receiving payment, shall restore to the
owner the land.  If the legislature had intended that he
should restore the mesne profits also they should have so
stated in explicit terms.

The plaintiff argued that the provision that upon redemp-
tion the sale shall be void meant that it should be void *ab
initio,* and that the rights of the parties should be as if the
sale had never been.  This proposition, carried to its logical
conclusion, would make the purchaser liable as a trespasser
for merely exercising his statutory rights.  Upon such a con-
struction it would be difficult to see what right the purchaser
would have even to retain his purchase-money and interest.
It is, we think, obvious that the act does not mean that re-
demption shall render the sale void *ab initio,* but merely shall
avoid all further consequences resulting from the sale.

The case of *Smith* v. *Specht,* 13 *Dick. Ch. Rep.* 47, is not
in point.  There the defendant had paid the taxes of several
years which were not included in the taxes for which the
premises had been sold, and claimed a right in equity to
have them paid before the tax title was canceled.  It was
held that the complainant, having come into equity for relief,
must do equity, and must therefore pay the taxes, although
he was not compellable to pay them at law in order to redeem
his land; but, on the other hand, the defendant demanding
this equitable relief must himself do equity and account for

the rents and profits. It was not even suggested that he must account for the rents and profits as against the purchase price paid by him at the tax sale.

The judgment should be affirmed.