GEORGE P. JOHNSON, Appellant, v. CHARLES RUTH ET AL.

**Drainage of surface water:** INJUNCTION : SUPPLEMENTAL DECREE.

1  Where it appeared in an action to enjoin the defendant from draining his premises or discharging the water therefrom on to plaintiff's land, that in another action the defendant and the township trustees were ordered· to construct an adequate drain to prevent the water from being collected and carried along a highway ditch onto plaintiff's premises, it will be assumed that the work was adequate for that purpose; but if not sufficient the court by supplementary decree in the same action could make

such further order with respect thereto as necessary to make the work adequate.

Taxation of costs: APPORTIONMENT. While the costs in a law action on an indivisible claim and on which the plaintiff recovers are not usually to be apportioned, still in an equitable action the court has a large discretion in the matter of taxing costs, which will not be interfered with on appeal except for manifest injustice.

*Appeal from Story District Court.*—HON. R. M. WRIGHT, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION in equity to enjoin defendant Ruth from draining his premises or discharging the water therefrom upon plaintiff's premises in any other manner or place, or in any greater quantity, than in accordance with the natural drainage of the land. The county of Story and the trustees of Franklin township in said county were made defendants, and, as to them, it was asked that the public highway between two parcels of defendant's land be so constructed as to permit the water coming from one portion of defendant's land to flow through a .culvert onto another portion of defendant's land without being diverted to the plaintiff's land. There was a decree dismissing plaintiff's petition on condition that the trustees of the township should construct a plank culvert in the highway sufficient to carry the water in its natural course from one portion of defendant's land to the other portion without its being diverted to the plaintiff's land, and that defendant construct a tile from a pond on one portion of his land so as to carry the water flowing therefrom through this culvert in the natural course of its flow, otherwise the relief prayed for in plaintiff's petition should be granted, and the court taxed one-half the costs to plaintiff and one-half to the defendant Ruth. From this decree plaintiff appeals. *Affirmed.*

*McCarthy & Luke,* for appellant.

*Fitchpatrick & McCall, E. M. McCall* and *E. H. Addison,* for appellee.

McCLAIN, J.—We do not find it necessary to elaborately describe by plat or otherwise the relations of the two parcels of defendant's land to the two parcels of plain-

1. DRAINAGE OF SURFACE WATER: injunction: supplemental decree.

tiff's land and to the highway which separates the parcels of each. It is sufficient to say that plaintiff's premises are separated by a public highway running east and west and that east of plaintiff's premises, separated by the same highway, lie the two parcels of defendant's land, and that plaintiff's complaint is that waters flowing from the north on defendant's land, and which in the natural course of drainage would cross the highway and be discharged on the south portion of his own land, have been diverted by a ditch along the north side of the highway, so that they run west for a distance, and then flow on south upon the south portion of plaintiff's land. According to plaintiff's contention, the cause of this diversion was originally the construction of the highway without a culvert, and with a ditch on the north side thereof carrying to the west water which should have flowed directly to the south. The court recognized the justice of this complaint by requiring the township trustees to construct a culvert and the defendant Ruth to so tile the pond on the north portion of his land as that the water therefrom shall flow through this culvert southward onto his own land. Plaintiff's complaint of the decree is that it does not provide for the obliteration of the ditch on the north side of the highway in which a tile drain has recently been laid so as to effectually prevent the flow of water westward through this ditch. But, so far as we can see, the ditch and the tile drain recently placed therein are proper for the drainage of the highway, and

if the culvert through the highway and the drain which defendant is required to construct are adequate no water from defendant's land will flow westward to plaintiff's damage. It must be assumed that the culvert and the drain required to be constructed by the township trustees and defendant Ruth will be adequate, and if they are not the court can by supplementary decree in this same action make such further orders as are necessary to secure to plaintiff the relief to which he is entitled. The cases of *Schofield v. Cooper*, 126 Iowa, 334, and *Sheker v. Machovec*, 139 Iowa, 1, upon which plaintiff's counsel rely, have no bearing so far as we can see upon this controversy. It does not appear that by the ditch and tile drain in the highway any damage will result to plaintiff if the culvert and the drain required to be constructed by defendant Ruth are adequate.

The complaint as to the taxation of the costs is without merit. By Code, section 3853, the court may make an equitable apportionment of costs where a party is successful as to a part of his demand and fails as to a part. It is true that in a law action where plaintiff's claim is indivisible, and he succeeds in recovering damages, costs should not usually be apportioned. *McGuire v. Montross*, 102 Iowa, 20; *Upson v. Fuller*, 43 Iowa, 409. But in an equitable action the court has a large discretion in the matter of taxing costs and such discretion will not be interfered with except in a case of manifest injustice. *Strayer v. Stone*, 47 Iowa, 333; *Elliott v. Parker*, 72 Iowa, 746; *Boone County v. Wilson*, 41 Iowa, 69; *Koestenbader v. Peirce*, 41 Iowa, 204. The decree is *affirmed*.

2. TAXATION OF COSTS: apportionment.