## HUTCHISON v. KERR.

### No. 30995. May 18, 1943.

Rehearing Denied June 22, 1943.

Application for Leave to File Second
Petition for Rehearing Denied
Sept. 14, 1943.

*140 P. 2d 918.*

John W. McCune, of Tulsa, for plaintiff in error.

Ernest V. Potter, Carl C. Lovell, and Alvin F. Molony, all of Tulsa, for defendant in error.

RILEY, J. Mary Eleanor Hutchison, plaintiff in error, plaintiff in the trial court, appeals from a judgment denying her an accounting for rents collected by defendant in the trial court, defendant in error, from February 28, 1934, to May 5, 1941, in the sum of $602.19, during which time defendant in error was in possession of real estate under a certificate tax deed.

A written stipulation of facts was submitted to the trial court which, in substance, stated that the plaintiff reached her majority on May 6, 1940, and commenced this action within one year thereafter; that on November 3, 1930, the real estate involved was sold for delinquent taxes to Tulsa county and a tax sale certificate was issued to the county; that the county sold and assigned the tax sale certificate to defendant, and on February 28, 1934, the defendant secured a certificate tax deed and entered into possession of the property; that the tax sale proceedings and the tax deed were valid and regular in every respect; that prior to the date of the tax deed and at all times thereafter, plaintiff was the owner of an undivided ⅛ interest in the property, and on said date she tendered into court, for the use of defendant, ⅛ of all sums of money expended by him in purchasing the tax sale certificate and securing the tax deed, plus ⅛ of additional sums paid out by defendant for penalties, interest, and costs in connection with the property. That during defendant's possession, between February 28, 1934, and May 5, 1941, he collected rents from the property and the plaintiff, as owner of an undivided ⅛ interest, claimed to be entitled to receive ⅛ of the rents so collected.

The only issue presented below and the only issue on appeal is whether plaintiff is entitled to an accounting from defendant for ⅛ of the rents collected during the period of defendant's possession between February 28, 1934, and May 5, 1941.

At the time the property involved was sold for taxes and the tax deed issued, section 12757, O. S. 1931, was in effect and provided:

". . . that infants . . . may redeem any land belonging to them sold for taxes within one year after the expiration of such disability."

Said section was repealed in 1939 (section 8, art. 30, c. 66, Session Laws 1939). In lieu thereof, section 3 of said article was enacted (68 O. S. 1941 § 433a), with the following provision:

". . . that infants . . . may redeem from taxes any real property belonging to them within one year after the expiration of such disability, with interest and

penalty at not more than ten per cent per annum."

Both parties state in their briefs that this court has never passed on the question here involved. Plaintiff cites and relies upon Pyle et al. v. Altshul, 125 N. J. Eq. 143, 4 Atl. 2d 377; Strang v. Burris et al., 61 Iowa, 375, 16 N. W. 285; and Elliott v. Parker, 72 Iowa, 746, 32 N. W. 494.

In Pyle v. Altshul, supra, it is held:

"A purchaser at a tax sale is entitled to enter into possession and collect rent from the occupant. His rights and liabilities are similar to those of a mortgagee in possession and on redemption from his tax sale he must account to the owner for rent collected."

In Strang v. Burris, supra, in discussing the question involved, the court said:

"To allow them" (the holders of the tax deed) "to take the rents and profits, and require the plaintiff to pay the full statutory redemption, would be grossly unjust and inequitable."

In Elliott v. Parker, supra, it is held that the redemptioner, required to contribute for the value of the improvements, was entitled to credit for the rental value during the time the defendant was in possession.

It appears, however, that the holding of the court in Pyle v. Altshul, supra, is predicated upon a statute adopted in 1918 which provided that the rights of a purchaser at a tax sale in possession should be the same as those of a mortgagee in possession. This is explained in Merchants' & Traders' Realty Co., Inc., v. Stern et al., 101 N. J. 629, 138 Atl. 697. It was there said that under the New Jersey statute of 1903, and prior to the amendment of 1918, the holder of a tax deed in possession was obliged to pay subsequent taxes in consideration of his right of occupancy of the premises and his right to the rents and profits, and that, under the law as it then existed, he was not entitled on redemption to reimbursement for subsequent taxes and municipal liens paid by him.

In Anson v. Elwood, 76 N. J. L. 56, 68 Atl. 784, it was held that the tax purchaser in possession was entitled to the rents and profits without liability to account to the owner thereof on redemption. That case was decided under the provisions of the Tax Act of New Jersey of 1903, and prior to the adoption of the amendment in 1918. It is pointed out in Merchants' & Traders' Realty Co. v. Stern, 101 N. J. Eq. 629, 138 A. 697, 699, that in Cohn v. Simon and Cohn v. Schrader, unreported, the Supereme Court of New Jersey had said:

"We think the intent of the statute was to enable the purchaser of a tax title upon recording his certificate to acquire the right of a mortgagee in possession, but in this respect the statute was not self-executory and the purchaser of the tax title might, if he chose, avoid the responsibility of the mortgagee in possession."

Therefore, Pyle v. Altshul, supra, is based upon a statute which makes the rights of a holder of a tax deed in possession the same as a mortgagee in possession. The latter is always held accountable for the rents and profits while in possession under the mortgage.

In Strang v. Burris, supra, it appears that the party held accountable for rents and profits went into possession under a mortgage rather than under a tax deed. That would bring him under the universal rule that a mortgagee in possession is accountable for rents and profits.

Defendant cites Douglass v. Dickson, 31 Kan. 310, 1 P. 541, a case decided under a statute substantially the same as ours. It is there stated that a tax deed passes the title, and this notwithstanding the owner of the land may be a minor, and therefore entitled to redeem at any time within one year after attaining majority. It is pointed out that a minor has no inherent right of redemption, and unless the statutes make express provisions for disability, such as those of infancy, etc., every right of redemption will cease at the expiration of the same statutory period. It is there held that the holder of a

tax deed in possession was entitled to collect damages for trespass upon the property.

Defendant also cites Bender v. Bean, 52 Ark. 132, 12 S. W. 180, and quotes what was said in the same case on motion to modify the decree passed upon (12 S. W. 241), the following:

"As we said upon the hearing of this cause the minor's right to redeem is a statutory privilege to defeat the purchaser's title within a limited time. The purchaser holds an estate in fee, subject to be defeated by the exercise of the privilege. This the minor may do by making the payment prescribed by the statute, within the statutory period, to the purchaser. Upon such payment the fee of the purchaser is terminated, and the person redeeming becomes seised thereof, with all rights pertaining thereto, including the right to rents."

The statute in force in Arkansas at that time was substantially the same as our statute.

Again, in Hisey et al. v. Sloan et al., 180 Ark. 797, 22 S. W. 2d 1005, it is held:

"Under Crawford & Moses' Dig. § 10096, allowing minors to redeem from tax sale within two years after their majority, purchaser is entitled to rents and to reimbursement for moneys paid out for taxes and value of improvements prior to offer to redeem . . ."

The rule applied in the foregoing cases appears to be in accord with the general rule to the effect that, in the absence of statutory provision to the contrary, the right to the possession of land, whether legal or equitable, coupled with possession in fact, ordinarily carries with it the right to rent it and collect the rents (Cathcart v. Mathews, 105 S. C. 329, 89 So. 1021), and the rule as stated in Grafeman Dairy Co. v. Mercantile Club (Mo.) 241 S. W. 923, wherein it is said:

"But the rents and profits of land are incident to the possession; they belonging to the person in rightful possession by himself or tenants."

In Thompson v. Smith et al., 189 Okla. 217, 114 P. 2d 922, this court considered a redemption under a different statute, and reached a correct conclusion, but made use of language at variance with our present views. That language is disapproved.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.