L M. RESSER, Appellant, v. WALTER DAVIS.

INJUNCTION—USE OF DRAIN—DAMAGES.

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

FRIDAY, DECEMBER 11, 1896.

SUIT in equity to enjoin the defendant from maintaining a tile drain connecting with a drain which passes through the land of one Robinson, and onto the land of the plaintiff. There was a decree dismissing the plaintiff's petition, and he appeals.—*Affirmed.*

*Cardell & Nichols* for appellant.

*S. D. Nichols* for appellee.

ROTHROCK, C. J.—The plaintiff is the owner of a farm of eighty acres, which adjoins the farm of A. D. Robinson. The two tracts of land are in the same quarter section. There is a public road along the section line on the west side of both farms. The defendant owns a farm situated across the road from the farm of Robinson. There is low, wet land and a pond on and near the line between the farms of Robinson and the plaintiff. In the year 1889, the plaintiff and Robinson placed tiling in this low land, in such a way as to make a system of drainage on both of their farms. The tiling was laid so as to conduct the drainage down through the plaintiff's land, and the main drain curved back so as to make the discharge from the system from an eight-inch tile on the line of Robinson's land. There were lateral branches from both farms to the main line of tile. There is a pond on the land of the defendant across the road from the land of Robinson. In July, 1893, the defendant laid a line of tiling from this pond in a diagonal direction down to and across the public road, and to Robinson's line, and there connected it with a line of tiling laid by Robinson as part of the system, and which passed through Robinson's land down to and over the line between his farm and that of the plaintiff. The above is the situation of the place in question. It might be better understood if we were to cause a diagram of the lands and tiling to be published with this opinion; but we do not think that is necessary.

As we have said, the defendant made the connection at the line of Robinson's land in July, 1893. This suit was commenced in August of the same year. It was tried in the district court in the month of November following. A large number of witnesses were examined on the hearing. Their testimony was mainly directed to the question of whether the act of the defendant in making a connection with Robinson's tiling, was or would be any damage to the land of the plaintiff. Of course, the testimony of the witnesses consisted largely

of opinion and speculation as to the effect of the connection. There had not been sufficient time to enable witnesses to testify intelligently as to the effect of defendant's act. But a most controlling fact in support of the finding of the district court is that the farm of the defendant is what is called in law the "dominant estate," and the farms of Robinson and the plaintiff the "servient estates." The natural drainage from defendant's farm, or that part of it where his pond is situated, is on and across the land of Robinson, down on the land of the plaintiff. A number of years ago there was an open ditch from the pond down to the road, and the drainage from the ditch passed over or under the road, and on Robinson's land. The tiling was laid in this ditch by the defendant. It is true, the open ditch, by lapse of time and failure to clean it out, was not as well defined as when it was first dug; but the right of the defendant to maintain the open ditch is not and cannot be questioned. The only real question is whether the defendant ought to be enjoined because he, by a connection with the tiling on Robinson's land, causes the water from his land to be discharged underground, instead of on the surface. There is a very decided preponderance of the evidence that the discharge of the water underground is less likely to be a damage to the plaintiff than it was before the connection was made; and we think the evidence fairly shows that Robinson consented that the defendant might make the connection; and it fairly appears from the evidence that the main trouble with the plaintiff is that the insufficient discharge or outlet from his main line of tiling is the principal cause of the trouble of which he complains. We decide this case upon the fact that the plaintiff has not shown that any damage or injury has been done to his land by the act of the defendant. It is therefore unnecessary to enter upon an examination and discussion of the law pertaining to the rights of the adjoining owners of land, in the matter of damages for wrongfully causing a discharge of water from higher to lower lands. The decree of the district court is AFFIRMED.