Charles Schrope v. Trustees of Pioneer Township and Prior Fairly, Supervisor, and Ora B. Baughman, Appellants.

**Draiange:** DIVERSION OF FLOW: *Injunctions.* Where a culvert for the drainage of water did not increase the quantity of water on plaintiff's land, or throw it thereon in a different manner than the same would naturally have flowed on it, a petition to enjoin should be dismissed.

*Appeal from Cedar District Court.*—Hon. William G. Thompson, Judge.

Friday, April 13, 1900.

THE plaintiff's land is north, and that of defendant Baughman south, of a public highway. The road had been graded somewhat, and a tile culvert put in for the passage of water. It is claimed that surface water gathers in a pond on defendants' land, and runs through the culvert on that of plaintiff to his damage. A writ of injunction restraining the continuance of the culvert, was granted, unless defendants put in a tile drain connecting with that of plaintiff. Defendants appeal.—*Reversed.*

*W. G. W. Geiger* and *R. R. Leech* for appellants.

*W. H. Smith* and *Chas. W. Kepler* for appellee.

LADD, J.—If the culvert in question increased the quantity of water on plaintiff's land, or threw it thereon in a different manner from what the same would naturally have

flowed upon it, to his injury, he might have cause to complain. *Livingston v. McDonald,* 21 Iowa, 174; *Willitts v. Railway Co.,* 88 Iowa, 281, 21 L. R. A. 608; *Dorr v. Simerson,* 73 Iowa, 89. But there is not a particle of evidence in the record tending to show this. The road is through a depression, and surface water naturally gathered in ponds on both sides, though somewhat deeper on plaintiff's land, as it is lower than Baughman's, and the surplus of water drained to the eastward from the pond on the land of the former. This culvert through the road embankment had been maintained for some fifteen years, and, up to the time plaintiff tiled his land, had had no effect on the natural flow of the water. But as the tiling now drains the water from the depression north of the road, that which would stand on defendant's farm to the south but for the tiling, in seeking the lowest level, flows through this culvert and settles in the lowest part of the drained land. Some witnesses speak of ditches, but none claim these increased or changed the flow of the water. The complaint then is not of anything done by the defendants, but of their omission to do something to obviate their enjoyment of the benefits incidentally derived from the plaintiff's drainage. For all that appears, the water would settle on his farm precisely as it does now were the embankment and culvert removed, and the ground as nature left it. The change was brought about by the plaintiff, and we are aware of no rule of law requiring a road supervisor to so alter the construction of the public highway as to prevent the natural flow of surface water induced by the draining of land on either side. Such improvements are necessarily made with reference to existing conditions, and if, as a result, water, because of the laws of gravitation, settles where otherwise it would not, the proprietor has no legal right to the aid of his neighbor in repelling it. There was no illegal act committed or threatened, or legal duty omitted, on the part of any of the defendants, and for this reason the petition should have been dismissed.—Reversed.