C. J. DORR, Appellant, v. L. F. SIMMERSON, Appellee.

**Construction of tile drain:** DOMINANT ESTATE: RIGHTS OF OWNER. The owner of a dominant estate may construct a tile drain in a natural water course or an artificial ditch, which has been acquiesced in for the statutory period, to carry the water from his own land onto and over the land of another unless the quantity of water conducted thereby has been materially and unduly increased to the damage of the servient estate.

*Appeal from Wright District Court.*— HON. W. D. EVANS, Judge.

THURSDAY, JUNE 8, 1905.

ACTION to recover damages to plaintiffs' property due to the diversion of surface water thereon, and to restrain defendant from maintaining the ditches and drains whereby it is alleged he unlawfully collected and discharged the water upon plaintiff's land. Trial to the court, decree dismissing plaintiff's petition, and he appeals. — *Affirmed.*

*Birdsall & Birdsall* and *Peterson & Humphrey,* for appellant.

*Nagle & Nagle,* for appellee.

DEEMER, J.— Plaintiff is the owner of the southwest

quarter, and defendant the owner of the northwest quarter, of section 3 in a certain township in Wright county. Upon defendant's land are three ponds, the natural outlet to which was a ditch or swale running in a southwesterly direction onto the east half of section 4. When this ditch or swale reached the southeast quarter of section 4 it turned in a southeasterly direction, and ran down over the southwest corner of plaintiff's land. Between sections 3 and 4, and immediately west of the land owned by plaintiff and defendant, there is a highway running north and south. The natural drainage of the ponds on defendant's land, to which we have referred, and of the surface water on defendant's land, was southwesterly upon and onto the east half of section 4, and from section 4 southeasterly across and over plaintiff's land. A considerable part of plainitff's land drained southwesterly into the ditch coming from the east half of section 4. About twenty years ago the highway of which we have spoken was improved, and a ditch was cut on either side thereof, which carried the water coming from defendant's land down to where the ditch or swale again crossed the highway as it came from the east half of section 4. And about fifteen years ago an open ditch was cut through the ponds on defendant's land down to the highway ditch on the east side of the highway. See *Dorr v. Simerson,* 73 Iowa, 89. In the years 1901 and 1902 defendant laid tiles in this ditch from the ponds to the highway, cutting the ditch a little deeper than it had been, in order to receive the tiles, but draining no other ponds than those which had theretofore been drained by the open ditch. Plaintiff claims that the defendant thus increased the flow of water upon his (plaintiff's) land, damaging his crops and otherwise injuring him, while defendant insists that the damage, if any, received by plaintiff, was due to excessive rainfall during the years 1902 and 1903, and not to any act of his. Defendant also denies that he in any manner increased the flow of water upon plaintiff's land; that he changed its natural course, or threw it upon plaintiff's land in any other

manner than it would have gone in the natural way. He admits that he put in the drain tile, but contends that, as he laid it in the natural water course, he is not liable for any consequential injuries resulting therefrom.

The right of a landowner to place tiles in swales or ditches to carry the water from ponds upon and onto lower lands crossed by these swales has already been recognized by this court. *Wharton v. Stevens,* 84 Iowa, 107. Such a right is necessary, in this country, in order that low and swampy lands may be reclaimed, and a denial thereof would be productive of incalculable mischief. In *Vannest v. Fleming,* 79 Iowa, 638, it is said: " The owner of the dominant estate has the right to conduct the water falling upon his land, by means of underground tile drains, with the channel provided by nature for the drainage of his land, and through such channel to cast it upon the lower or servient estate." As the original ditch in the instant case and the ditches along the highway were constructed more than ten years ago, and the right of the defendant and of the county to the use thereof has been unchallenged and unmolested ever since, they each acquired a prescriptive right to the use thereof; and, as the tile drain constructed by the defendant did no more than accelerate the flow of the water which had theretofore gone over the same course, there is no liability, unless it be shown that the quantity of water thrown upon plaintiff's land was materially and unduly increased, to plaintiff's damage. See *Vannest v. Fleming, supra; Resser v. Davis,* 100 Iowa, 745; *Schrope v. Township,* 111 Iowa, 113. See, also, *Anderson v. Henderson,* 124 Ill. 170 (16 N. E. 232), which is a very instructive case on this proposition.

Going to the record in the present case, we are constrained to hold that the defendant did nothing for which he should be held liable. He placed his drain in the natural water course, or perhaps in an artificial one, which had been so long established as that plaintiff must be deemed to have acquiesced therein; and while he, perhaps, to some extent

accelerated the flow of the water, he did not unduly increase
it, nor did he cast upon the plaintiff more than would nat-
urally have gone upon his land, had there been no tile drain.
In view of known conditions in this State, we are quite ready
to hold that the owner of the dominant estate has the right,
by ditches or drains, to drain his own land into the natural
and usual channels which nature has provided, even though
the quantity of water cast upon the servient estate may be
somewhat increased.   Such a rule seems indispensable to the
proper reclamation of land, and is no more than good neigh-
borship requires.   Of course, the owner of the higher land
cannot open or remove natural barriers, and compel the owner
of the lower to receive water which would not otherwise have
gone in that direction.   But in order that all tillable land
may be reclaimed, it is indispensable that we recognize the
right of the higher proprietor to construct drains, either open
or closed, to conduct the water upon his own land into the
natural and usual channels which nature has provided, or
which have been established by agreement or acquiescence of
the parties.   This may be a slight step in advance of any
we have heretofore taken, but it is a rule well recognized by
authority, and especially demanded by our circumstances and
conditions.   See authorities cited in 30 Am. & Eng. Enc. of
Law (2d Ed.) pages 337, 338.   This rule is now established
by statute in this State.   See chapter 70, page 75, Acts 30th
General Assembly.   True, this statute was passed after this
action was commenced, but it announces, as we think, the law
which theretofore existed in this commonwealth.   Moreover,
it is now the law whereby the case should be determined, and,
as we think, always has been.   However, if this be not true,
plaintiff has failed to show any material increase in the flow
of water upon his land, due to the construction of the tile
drain.

The decree of the trial court is correct, and it is *affirmed*.