JOHN WIRDS, Appellant, v. RICHARD VIERKANDT, Appellee.

**Drainage:** SURFACE WATER: INJUNCTION: EVIDENCE. The owner of a dominant estate cannot collect the surface water thereon and discharge it upon a lower proprietor in a materially different manner or greater quantity than it would naturally flow; but to sustain an injunction on the ground of increased quantity the evidence must satisfactorily show a material increase in the flow.

Evidence held insufficient to warrant an injunction.

*Appeal from Hardin District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, JUNE 13, 1906.

SUIT in equity to enjoin defendant from tiling and draining certain sloughs and ponds upon his own land in such a manner as to divert or increase the natural flow of the water. Defendant denies the diversion of the water, and denies that he is intending to increase the flow thereof upon plaintiff's land. He further averred that he was intending to place a tile in a ditch that had existed for more than eighteen years. Upon these issues the case was tried to the court, resulting in a decree dismissing plaintiff's petition, and he appeals.— *Affirmed.*

*M. J. Furry* and *J. H. Scales,* for appellant.

*George W. Ward,* for appellee.

DEEMER, J.— The case involves the rights of the owner of a servient estate as against the owner of the dominant one with reference to the flow of surface water. Such cases are not infrequent, now that we are having the normal, or perhaps slightly abnormal, waterfall in the northern half of the state. During the dry seasons which lasted for many years prior to the past three or four, no such controversies arose, as our Reports abundantly verify. Plaintiff's farm lies south of defendant's, and between them is an eighty-acre tract owned by one Scheueman. The natural flow of the surface water is southward, and plaintiff is the owner of the servient estate. It is the law of this jurisdiction that, while the servient estate is bound to take the natural flow of surface water, the owner of the dominant one cannot collect it and cast it upon the lower proprietor in a different manner from which it flowed by nature, nor may he materially increase the quantity thereof to the injury of the lower land. The water from defendant's land comes down through the Scheueman land, and is cast therefrom upon the land of the plain-

tiff. Defendant has not threatened to cast the water from his land upon that of plaintiff in a different manner from which nature provided. He casts his water into an open ditch running through Scheueman's land, and is in no way responsible for the manner in which it is cast upon plaintiff's land. In other words, he is not to be held liable for any diversion of the surface water upon plaintiff's land. His acts of threatened injury to plaintiff are solely by reason of increasing the flow of water thereon, and this is the sole issue of fact in the case. Upon defendant's lands are certain sloughs and ponds, and it is claimed that, through the construction of tile drains, he is about to collect the water therefrom and discharge it in increased quantities into the ditch upon Scheueman's land and thus increase the flow upon plaintiff's land.

It is claimed that, but for the construction of this drain, the water would stand upon defendant's land until it soaked away or was evaporated by the elements, and that by the construction of the drain the flow of water on plaintiff's land will be materially increased. This is purely a fact proposition, and we have gone over the record with care to determine the truth of the matter. Our conclusion is that plaintiff has not shown that the flow of water upon his land will be increased to any material degree; that whatever the increase, if any, it will be taken up by the Scheueman land before it reaches that owned by plaintiff, and that for much of the claimed increase in flow defendant is not responsible, it being due to the action of the county authorities in draining and ditching a county highway just south of defendant's land. Moreover, the tile which defendant proposed to lay were to be placed in the bottom of old ditches which had existed for from twelve to fifteen years without objection from any one, through which practically the same amount of water was discharged as defendant now proposes to carry off with his tiling. This being true, plaintiff is not entitled to the relief demanded. *Wharton v. Stevens,* 84 Iowa, 107; *Plagge*

*v. Mensing,* 126 Iowa, 737; *Vannest v. Fleming,* 79 Iowa, 638; *Dorr v. Simmerson,* 127 Iowa, 551; Chapter 70, Acts 30th General Assembly, 1904. Without departing from the well-established rules with reference to surface drainage, this court as now constituted is inclined to construe them as liberally as is possible in order that reclamation of low and wet lands may be accomplished in the interests of good husbandry and for the general welfare of all. Of course, no man's property should be taken for public use without just compensation; but, to make out a case for such injuries as are here complained of, it must clearly and satisfactorily appear, especially in injunction cases, that defendant is about to materially and unduly increase the flow of water to plaintiff's imminent damage. To the trial court this did not appear in the instant case, and with that conclusion we are agreed.

The decree seems to be right, and it is *affirmed.*