CHARLES EDASON v. E. L. DENISON, T. T. OUGHTERSON
and EDWARD H. LeTOURNEAU, as Co-Administrators of
the Estate of J. HOWARD LeTOURNEAU, Deceased. .

194 So. 342
Division B
Opinion Filed February 27, 1940

*Errol S. Willes,* for Appellant;

*E. O. Denison* for Appellee E. L. Denison, and *T. T.
Oughterson* for Appellees T. T. Oughterson, Edward H.
LeTourneau, Co-Administrators of the Estate of J. Howard
LeTourneau, deceased.

PER CURIAM.—Appellant, plaintiff below, filed bill of
complaint in the circuit court of St. Lucie County, alleging
that he is the owner of certain property bordering on In-
dian River; that defendants own land adjacent to his; that
a certain ditch forming a natural watercourse originates on
the land of defendant LeTourneau and runs through de-
fendant Denison's land, then through plaintiff's land and
into Indian River; that in its natural state this ditch served
the needs of all the parties adjacent thereto; that defend-
ants have caused the ditch to be deepend so that now large
and unusual quantities of water flow into said ditch; that

at times the ditch overflows causing serious damage to plaintiff's truck crops; and that much of his soil is being washed and carried away by the excess water now flowing through the ditch. Plaintiff also alleges that he has twice built dams on the ditch to hold the water off his property and that each time defendants have come upon his land and torn down and destroyed such dams, causing irreparable injury to plaintiff's land and crops.

A temporary restraining order was issued preventing defendants from destroying a dam now across the ditch. Plaintiff alleged in his amended bill of complaint that by reason of the deepening of the watercourse "* * * the water table in what is known as the savannah, which is westerly of the said lands of all of the parties has been, and is continuing to be so lowered, that by seepage, filtration, percolation, or otherwise, large and unusual quantities of *surface water* have been caused to be drained, seeped filtered and percolated into said stream * * *." (Emphasis supplied.)   On motion, the amended bill was dismissed and judgment entered thereon.   Plaintiff appeals.

If the owners of the upper estate have the right to deepen the ditch for the protection and improvement of their lands, then the dismissal was correctly granted. The authorities on this point are by no means of one accord. However, in Door v. Simmerson (1905), 127 Iowa 551, 103 N. W. 806, the Supreme Court of the state approved the rule that the owner of the dominant estate has the right, by ditches or drains, to drain his own land into the natural and usual channels, even though the quantity of water cast upon the servient estate is greatly increased.

In a later case, San Gabriel Valley Country Club v. Los Angeles County, 182 Cal. 392, 188 Pac. 554, 9 A. L. R. 1200, the Supreme Court of California refused damages or injunction where defendant had by a series of artificial

drains in the same locality as the natural ones had been, caused increased quantities of water at an increased speed to be carried down the natural watercourse, thereby injuring plaintiff's land by washing and by overflow. After an exhaustive review of the authorities, the court said:

"Summing up the discussion, our conclusion, as we have stated, is that an improvement for the purposes of the drainage and protection of lands above does not give a lower riparian owner on the stream a cause of action, merely because such improvement increases the volume of water in the stream as it comes to his land, even though the burden he is necessarily under of protecting his land against the stream is thereby increased, and his land is injured because of his failure to meet such increased burden, and further, that the rule is not subject to the limitation that the increased volume must not be such as to make the stream exceed the capacity of its channel."

In American Sand and Gravel Co. v. Rushing, (Ala.) 184 So. 60, it has been held that an upper riparian owner, to improve and reclaim his upper lands, may straighten the water course by an artificial channel, along the course of the natural water course, as a substitute therefor, and of such *width* and *depth* as to prevent overflow on the upper lands, although the result of the improvement is to increase the volume and speed of the flow of the stream over abutting owner's land. (Emphasis supplied.)

In his brief plaintiff discussed at length the law relative to percolating and subterranean waters, but the allegations in his bill of complaint only to percolations, etc., of *surface waters*. Defendants had a right to deepen the ditch to provide drainage for their land, and the amended bill of complaint was properly dismissed. For entering upon plaintiff's land and tearing down his dams built for the protection of his own lands, there is an adequate remedy at law.

The judgment of the circuit court is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

THOMAS, J., disqualified.