THE STATE v. HUNTER.

| 68 | 447 |
| 114 | 738 |

1. **Criminal Law**: DEFACING HIGHWAY: EVIDENCE. In a prosecution for defacing a highway, under chapter 17, Laws of 1874, evidence offered by the defendant to prove that the change which he made in the highway was an improvement and not an injury to it was properly excluded.

2. **Practice in Supreme Court**: INSUFFICIENT RECORD. Where the abstract does not purport to contain all the evidence, this court cannot say that the evidence was insufficient to warrant the judgment and rulings of the court below.

3. **Evidence**: ERRONEOUS ADMISSION: ERROR WITHOUT PREJUDICE. Evidence erroneously admitted is no ground for reversal where the point which it tends to prove is established by other competent evidence.

*Appeal from Dallas District Court.*

SATURDAY, MARCH 20.

THE defendant was charged by information, before a justice of the peace, with the crime of having defaced a public highway, and was found guilty. He appealed to the district court of Dallas county, and a trial was had, which resulted in a verdict of guilty, and judgment was rendered upon the verdict. He now appeals to this court.

*M. H. Baugh*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, CH. J.—I. The undisputed evidence showed that the defendant made a change in the face and structure of a certain highway in Dallas county, whereby the same was materially altered from the condition in which the road supervisor had placed it, and from the condition in which he designed it should remain. The defendant, however, claimed, and offered to show, that the highway was not injured, but improved, by the change. But the court disallowed the evidence, and instructed the jury, in substance, that the judgment of the person who is road supervisor must govern for the time during which he is road supervisor, and that no one has a right to make a material change from his plans, and if any one does so he is guilty of defacing the highway, within the meaning of the statute. The defendant assigns the giving of this instruction as error. In our opinion, the instruction is correct. The statute in question provides that "if any person, without permission from the proper road supervisors, shall in any manner obstruct, deface or injure a public road or highway, by breaking up, plowing, etc., he shall, upon conviction, be punished," etc. To deface a thing is to so change the face of it as to mar the appearance of it. As to what change would have that effect persons might differ. But we do not think it was competent to call and examine witnesses as to their judgment and taste touching the matter, nor do we think that the legislature designed that it should be left to the judgment and taste of the jury. The road supervisor, we may presume, was elected with reference to his qualifications to discharge the duties of his office, and it would be inconsistent, we think, to allow the judgment of others, presumably less qualified, to be set up against his. We do not say that a person would necessarily be guilty of defacing a public road

*Marginal note:* 1. CRIMINAL law: defacing highway: evidence.

who should make a material change in it.  Perhaps he would not, if the change should appear to be merely a more complete execution of the road supervisor's plan.  But the change in question was not of that kind, and the change contemplated by the instruction was not.

II.    The defendant contends that the road in question does not appear from the evidence to have been established as a public road.    But the abstract does not purport to be an abstract of all the evidence.    We cannot, therefore, say what the evidence was.

2. PRACTICE in supreme court: insufficient record.

III.    The defendant contends that the court erred in allowing the state to introduce a road-book in evidence, because it is said that the book is deficient, and that there is a deficiency of evidence to supplement it.    But the road-book is not set out, and we do not know what it contained, nor do we know what other evidence there might have been.

THE SAME.

IV.    The defendant complains because the court allowed the state to introduce in evidence a certain petition for an injunction, signed and sworn to by the defendant, and which petition, as we understand, contains a statement that the road in question is a public road.    We presume that the evidence was introduced as an admission made by the defendant.    But if that was error, we think that it must be regarded as error without prejudice.  The court instructed the jury that the road-book showed the establishment of a public road.    Under the instruction the jury was bound to find that the road in question had been established as a public road, and, without knowing what the book contains, we cannot say that the instruction was wrong.

3. EVIDENCE: erroneous admission: error without prejudice.

We see no error, and the judgment must be

AFFIRMED.