THOMAS MULVIHILL v. T. O. THOMPSON, Appellant, AND PATRICK FORD.

**Diversion of Surface Water:** SEPARATE TRIAL OF DEFENDANTS.   That the pleadings show no joint purpose of defendants or act done by them whereby surface water was diverted from its natural

course, overflowing plaintiff's land, does not authorize a motion for a separate trial.

INSTRUCTIONS. An instruction that "the owner of lands, who carries water from his own land, by ditches or drains along the public highway, to cast it on his neighbor's land, is liable for ensuing damages," is not faulty for failure to set out that the water must be such as would not otherwise have flowed substantially in this manner on the land, where this qualification appears in the same instruction under a general statement of an owner's liability for wrongfully changing natural drainage. courses of surface water.

LIABILITY OF PERSONS WORKING OUT TAX ON HIGHWAY. A person required to work on the highway under Code, section 1550, *et seq.*, and working under the road supervisor, is not liable, in the absence of trespass, for an injury to plaintiff's land occasioned by surface water improperly deflected from its natural channel by reason of highway improvement which he has made.

*Appeal from Story District Court.*—HON. B. P. BIRDSALL,. Judge.

FRIDAY, OCTOBER 18, 1901.

THE petition, after reciting the ownership of certain land by plaintiff, charges that defendant Thompson wrongfully dug a ditch in the highway about one-half mile in length, which carried the water from the highway and from defendant Thompson's land, which bordered said highway on the south at this place, and that the two defendants, acting together, then extended the ditch further, and caused it to cast the water therein upon the land of plaintiff, to his damage; that the water so collected was diverted from its natural course, and thrown upon plaintiff's land in a different manner and greater volume than if left to its natural flow. Defendant Ford, in connection with his answer, which in addition to a general denial, alleges that the ditch complained of was dug by Thompson and the "commissioner of highways," also files a cross-petition against Thompson. No questions in connection with these matters are presented here, for judgment went in favor of Ford in the trial court.

Thompson alleges in his answer that all work done by him on said ditch was under the direction of the road supervisor, and he denies that the natural flow of water was altered, or its volume increased.    There was a trial to jury, verdict and judgment against Thompson, and he appeals.—*Reversed.*

*D. J. Vinje* for appellant.

*Funson & Burt* for appellee.

WATERMAN, J.—Defendant Thompson filed a motion asking for separate trial on the ground that the pleadings show there was no joint purpose on the part of the defendants, or act done by them.    If on the face of the pleadings it appears there is a misjoinder of causes of action, a motion to strike would be proper.    Code, section 3547. If the misjoinder is both of causes of action and parties, the defect may be taken advantage of by answer and motion in arrest (*Mendenhall v. Wilson,* 54 Iowa, 590), and also by demurrer, where the facts appear in the petition (*Cogswell v. Murphy,* 46 Iowa, 44).    We are cited to no authority, and know of none, that authorizes a motion for a separate trial.    A motion in arrest of judgment was filed by appellant in which error was claimed in the overruling of his motion for a separate trial, and also compelling him "to try the issue contained in his answer as codefendant with Pat. Ford.    *    *    *" The first ground is untenable, for the reasons already stated, and the trial court rightly overruled the motion on the other ground because there was no basis for it in the answer.

II.    Instruction No. 3 given the jury was as follows: "Where the owner of land wrongfully changes the natural drainage course or channel for the discharge of surface water over his land in such a way as to cast it upon the adjoining land either in a different manner or a larger volume than would have passed upon such land in a natural state, to the injury of such ad-

joining land, then the person so diverting or changing the natural water course or drainage channel is liable for the injury occasioned thereby to such adjoining proprietor.  So, likewise, the owner of lands has no authority to carry water from his own land along the public highway by ditches, drains, or otherwise, and to cast it upon his neighbor's land. And, if he does so, he is liable for any damages ensuing from his wrongful act."  Appellant challenges the correctness of the last two sentences of this instruction.  It is true, the qualification is not here set out, that the water must be such as would not otherwise have flowed substantially in this manner upon the land; but, taking the whole instruction together, we think this sufficiently appears.

III.  Instruction No. 4 is also found fault with.  It is in these words:  "It is provided by our Code that a road supervisor shall not turn the natural drainage of the surface water, to the injury of adjoining owners, but it shall be the duty of the supervisor to use strict diligence in draining the surface water from the public road in its natural channel.  And the road supervisor has no authority to delegate to another the power to do that which the law strictly enjoins him from doing himself.  Therefore, if you should find from the evidence that the defendants, or either of them, perpetrated the wrong complained of by authority or permission of the road supervisor, this would afford no excuse to the defendants, or either of them, for their wrongful acts."  There was evidence tending to show that the digging of this ditch was done by defendant Thompson, under the direction of the road supervisor, in attempting to improve the highway, and this instruction proceeds upon the theory that this was so.  According to the evidence given by Thompson, there was no trespass here, for there was no intentional entry upon the land of plaintiff. Bouvier, Law Dictionary, title. "Trespass."  The injury to plaintiff was the result, so far as shown by Thompson's testimony,

of an improper improvement of the highway. Section 1556 of the Code provides that "the road supervisor shall not * * * turn the natural drainage of the surface water to the injury of adjoining owners. * * *'' If this is meant to make an error of judgment in this respect a trespass, and to fix a civil liability upon all those who take part in the work, then the able-bodied male residents of the district, whom the supervisor has power to call out for labor on the highways, may each exercise his own judgment as to whether he will do the directed work or not; and this liberty would practically nullify sections 1550, 1551, which required such persons to perform the service mentioned. The judgment and will of the road supervisor must control in doing the work upon the highway. *State v. Hunter,* 68 Iowa, 447. Thompson, if working under the road supervisor, had no control of what was done. Under the law he was obliged to perform labor on the highway, and do the work under the direction of the road supervisor. He was placed in a most unfortunate situation, if he may be held liable in damages for doing his duty as a citizen. Of course, if there had been a trespass here, the instruction would have been correct; but there was none, under the theory of this instruction. The instruction was erroneous and prejudicial.

We shall not discuss the facts. They were for the jury. For the errors mentioned, the judgment is REVERSED.