OREN HULL, Appellant, *v.* SAMUEL HARKER, ET AL.

**Drainage.** One may lawfully tile a natural water course which passes from his land onto that of another, where the effect is not to cast a greater quantity of water or to carry the same in a different manner upon the land of his neighbor.

**Water Course.** A natural water course is not necessarily a channel with banks, but if the surface water uniformly flows in a given course within reasonable limits the line of its flow is a water course.

**Drainage:** OBSTRUCTION: DAMAGE. One who allows an established ditch, constructed in a natural water course, to become ob-

structed so as to cause an overflow cannot recover damages from an adjoining owner whose tile drains discharge into such ditch.

Trespess: INJUNCTION: DAMAGES. Although defendants without right went upon plaintiffs land and cleaned out an established ditch, yet, in the absence of a showing that a continuation of the trespass was intended or that damage was done plaintiff was not entitled to an injunction or to a judgment for damages.

*Appeal from Boone District Court.*— HON. J. H. RICHARD, Judge.

MONDAY, MARCH 12, 1906.

ACTION in equity to enjoin defendants from permitting the water discharged from tile drains on their lands to be emptied upon or caused to run over the land of plaintiff, and to recover damages. After hearing the evidence, the trial court rendered a decree dismissing plaintiff's action, and plaintiff appeals.— *Affirmed.*

*Ganoe·& Hollingsworth,* for appellant.

*Stevens & Fry,* for appellees.

McCLAIN, C. J.— Plaintiff's land is situated adjoining to and south of the lands of defendants, and a natural swale runs in a southeasterly direction, crossing the lands of defendants and the land of plaintiff. This swale is the principal waterway through which surface water from a considerable distance to the north is carried southward into what is called "Preston's Branch." In two or three places north of plaintiff's land this swale is crossed by highways, and in each instance an opening has been provided below the surface of the highway by means of large tiles, eighteen to twenty-four inches in diameter, through which any surface water which may flow down the swale after heavy rains may pass. It is shown beyond question that this swale is the natural channel through which the surface water from defendant's lands and other lands more remote from

plaintiff's land naturally flows to reach a deeper water course that serves as an outlet for the surface water from this entire region. Along this swale as it passes through defendant's lands the defendants constructed tile drains, ending near plaintiff's boundary; but it appears that these tile drains take the surface water from only ten acres of land, which water, before the construction of the tile drains, was naturally carried off through the swale above referred to.

Plaintiff's complaint against defendants is that they have collected the surface water by means of these tile drains and discharged it on plaintiff's land in larger quantities and in a different manner than it was previously discharged, and that they have opened a ditch for some rods into plaintiff's land along the swale from the north, so as to furnish a channel for the water from their tile drains.

1. DRAINAGE.

The natural swale referred to in the case before us seems to serve substantially the same purpose as the swale described in *Wharton v. Stevens,* 84 Iowa, 107. It is the natural water course for the drainage through plaintiff's land of the surface water from the lands of defendants and others, and defendants have the right to have the water from their lands flow over plaintiff's land along this swale or natural water course, so long as they do not cause it to be discharged upon plaintiff's land in a greater quantity or in a substantially different manner than before the construction of their tile drains. We are satisfied from the evidence that no water is drawn by these drains down to plaintiff's boundary that would not naturally find its outlet along this swale if no drains had been constructed. Possibly defendants' lands are more quickly freed from surface water by means of these drains, but an examination of the whole record fails to show that any substantial injury accrues to plaintiff from an increased flow of water. In case of a heavy rainfall the surface water flows at once over plaintiff's land, but after the surface has been relieved of the immediate accumulation of water there seems to be no such flow through

the drains as to cause any direct damage to the plaintiff. The place or manner of discharging the water naturally coming down this swale upon plaintiff's land is the same as before the tile drains were laid. Under these circumstances defendants are not liable. *Dorr v. Simerson,* 73 Iowa, 89.

Defendants " are not diverting the water from the waterway provided by nature. They are not seeking to conduct the water contrary to the course of nature, or in a way it did not run before the soil became the property of man." *Vannest v. Fleming,* 79 Iowa, 638. To entitle plaintiff to relief, it must appear " that the quantity of water drawn upon plaintiff's land was materially and unduly increased, to plaintiff's damage," by the construction of defendants' tile drains. *Dorr v. Simmerson,* 127 Iowa, 551.

Counsel for appellant question the constitutionality of chapter 70, Acts 30th Gen. Assem. (1904), referred to in the last cited case as announcing the law of the state on this subject; but, as said in that case, the provisions of the statute correspond to the law as it existed before the statute was passed. That the swale which we have referred to constitutes the " natural water course " or the " natural depression " referred to in the statute is plain from the evidence. To constitute a natural water course, it is not necessary that the flow of water through it shall have been " sufficient to wear out a channel or canal having definitely well-marked sides and banks. . . . If the surface water in fact uniformly or habitually flows off over a given course having reasonable limits as to the width, the line of its flow is, within the meaning of the law, applicable to the discharge of surface water, a water course." *Lambert v. Alcorn,* 144 Ill. 313 (33 N. E. 53, 21 L. R. A. 611.)

2. WATER COURSE.

Another, and in itself sufficient, answer to plaintiff's complaint, is that about forty years ago, and before any of the parties to this action became the owners of the tracts of land involved, a ditch was constructed by means of a ditch-

ing machine down through this swale from defendant's lands across plaintiff's land for the purpose of carrying off the surface water, and that this ditch has, until within two or three years, been regarded as the proper channel for the water flowing from defendants' lands. Defendants' tile drains open into this ditch, which has still so marked and definite an existence and course that plaintiff maintains a bridge or crossing over it near his north boundary line. It is true that plaintiff has allowed this ditch to become so obstructed in its course through a portion of his land that water does not readily flow through it; but he has so far recognized its continuing existence as to discharge into it water collected by the tile drains from the west part of his own tract. We think he cannot complain if by his own negligence in allowing an established ditch to become obstructed he has caused it to overflow, to the damage of his own land; and it seems to us, from the evidence, that the damage of which he complains is quite as well explained by the construction of his own tile drains as by the construction of the tile drains by defendants.

*3. DRAINAGE: obstruction: damages.*

In this connection we may notice the complaint of plaintiff that defendants came upon his premises and opened out this ditch for some rods below the point of discharge of their tile drains. It appears that defendants did nothing more in this respect than to clean out the ditch which already existed, and, even if this act constituted a trespass at the time it was committed, there is nothing to show an intention to continue such trespass which would justify an injunction, nor any damage resulting therefrom which would warrant a judgment in plaintiff's favor.

*4. TRESPASS: injunction: damages.*

We are satisfied on the whole case that plaintiff has no ground of complaint, and that the decree dismissing his petition was proper, and such decree is therefore *affirmed.*