OF THE

## STATE OF IOWA

AT

## DES MOINES, MAY TERM, 1908.

AND IN THE SIXTY-SECOND YEAR OF THE STATE.

---

ANTHONY SHEKER, v. JOSEPH MACHOVEC, Appellant.

**Direction of verdict:** NEW TRIAL. Where there is some evidence to support plaintiff's contention the court should not direct a verdict for defendant; and refusal to set aside a verdict returned for plaintiff is not erroneous.

**Drainage:** SURFACE WATER: INSTRUCTIONS. An instruction that the owner of higher land who discharges the surface water by means of tile drains upon lower land in greater quantities, or in a different manner than it would naturally flow is liable for the resulting damage, is not objectionable because failing to state that there must be a substantial increase in the flow, or its discharge materially different; since that rule has application where the drain is constructed along a natural water course. But in the instant case the rule requiring a substantial increase in flow or a material change in the discharge was covered by a further instruction, that plaintiff's damage would be the difference in the fair market value of his farm

immediately before the drain was constructed and its value immediately afterwards.

**Same:** DAMAGES. Although the court's instructions may have permitted the jury to apply an erroneous rule of damages for injury to plaintiff's land by flooding the same with surface water, still where the jury by special finding applied the correct measure of damages no prejudice resulted.

**Drainage:** EXEMPTION FROM LIABILITY FOR DAMAGE. A defendant is not relieved from liability for wrongfully discharging surface water upon the land of another, because of the fact that the same first flows into and along a highway ditch, which was neither constructed by plaintiff nor in the natural watercourse.

*Appeal from Webster District Court.*—Hon. J. R. Whitaker, Judge.

Tuesday, July 7, 1908.

Action to recover damages for the overflowing of plaintiff's land by water alleged to have been discharged thereon from a tile drain on defendant's land. There was a verdict for the plaintiff, and from a judgment thereon defendant appeals.—*Affirmed.*

*Mitchel & Hackler* and *Healy & Healy,* for appellant.

*Maurice O'Connor,* for appellee.

McClain, J.—There was a controversy under the evidence as to whether defendant's tile drain through which water was cast on plaintiff's land was so constructed as to drain defendant's land " in the general course of natural drainage discharging the water into a natural water course or natural depression by which the water would be carried to some natural water course," as authorized by chapter 70, Acts 30th, General Assembly (Code Supp. 1907, section 1989a53), and the court instructed the jury that if the drain of which plaintiff complained was so constructed on defendant's land, then the

1. DIRECTION OF VERDICT: new trial.

defendant would not be liable to plaintiff in damages, but if the drain constructed by defendant was not so laid and constructed as to conform with the law above referred to, and by reason of the construction of said tile drain by defendant water flowed " upon the plaintiff's premises in greater quantity and in a different manner than it otherwise would but for the construction of said tile drain," then plaintiff was entitled to recover as damages the difference if any between the fair market value of his farm as a whole immediately before said tile drain was constructed, and the fair market value of said farm as a whole immediately after said drain was constructed and as shown by the evidence.  It is to be noticed that under this instruction, if defendant's tile drain was constructed in accordance with the provisions of the statute, plaintiff could not recover.  A verdict for plaintiff therefore involved a finding by the jury that defendant's drain was not in the general course of natural drainage, but that it discharged water upon plaintiff's land otherwise than in a natural water course or in a natural depression whereby the water would be carried into some natural water course. On this question there was a conflict in the evidence, but we think that there was some evidence to support the jury's finding in this respect, and that therefore the trial court did not err in refusing to direct a verdict for the defendant or to set aside the verdict rendered.

It is contended, however, for appellant that the instruction was erroneous in authorizing a finding for plaintiff if the defendant's drain was not in compliance with the statute and caused water to flow upon plaintiff's prem-

2. Drainage: surface water: instructions.

ises " in greater quantity and in a different manner than it otherwise would but for the construction of said tile drain," the contention being that to justify recovery of damages for water discharged on the lower land by a drain constructed on adjoining land which is higher, the flow of water must have been substantially increased, or the method of its discharge substantially different,

to the material injury of the lower land. Language may be found in many of our cases sustaining in a general way this contention for the appellant. *Dorr v. Simmerson,* 127 Iowa, 551; *Hull v. Harker,* 130 Iowa, 190. But what is said in these cases and many others to which counsel call our attention in which similar language is used has relation to a tile drain laid in the natural course of the drainage, and carrying upon the lower land in a somewhat different manner and by temporarily increased flow the surface waters which would have flowed upon the lower land had no tile been laid through the upper land. Where, by means of tile drains, the owner of the higher land discharges upon the lower land water from an area which would otherwise not have been drained across the lower land, or at a point where the water from the higher land would not naturally have been discharged upon the lower land to the material injury of the latter, then, according to the uniform current of authorities in this State, beginning with the leading case of *Livingston v. McDonald,* 21 Iowa, 160, reaffirmed in *Vannest v. Fleming,* 79 Iowa, 638, and many subsequent cases, the owner of the higher land is liable in damages. The rule that there must be a substantial increase in the quantity of water discharged or a material change in the method of its discharge to the damage of the lower land is sufficiently covered by the instruction above referred to wherein the jury was allowed to give plaintiff only the difference in value between the fair market value of his farm as a whole before the construction by defendant of said tile drain and its fair market value as a whole immediately after the construction of such drain. If there was not a substantial increase in the amount of water discharged or a material difference as to the method of its discharge then there could have been no difference on this account in the market value of plaintiff's farm. In this respect the instruction given does not differ in effect from the instructions which were approved in *Everett v. Christopher,* 125 Iowa, 668, and *Mulvihill v. Thompson,* 114 Iowa, 734. Under

the instruction given the jury would not have been warranted in rendering a verdict for the plaintiff unless they had found not only that the water was discharged upon defendant's land otherwise than in the course of the natural drainage, but also in substantially greater quantity or in a materially different manner. There were no errors in the instruction of which defendant can complain.

In other instructions the court assumed that, prior to the adoption of the act of the 30th General Assembly above referred to, the construction of a tile drain along the general course of drainage causing water to flow on land below in greater quantity or in a different manner than before such construction would render the person constructing such drain liable in damages, and as defendant's drain was constructed about a year before the taking effect of that act the court authorized the jury to find for plaintiff the amount of damage sustained during that year from the causing of a flow of a greater quantity of water, or water in a different manner, on plaintiff's land although the construction of the drain was such as subsequently authorized by statute. The instructions as to this right of recovery were probably erroneous, for we have held in *Dorr v. Simmerson, supra,* and other cases of like character that even before the passage of the statute, which was declaratory simply of the law as previously existing, the act of facilitating the passage of water along the general course of drainage by the construction of tile drains would not involve liability so long as the drainage area was not increased nor the destructive character of the discharge of the water materially enhanced. But we have no occasion to go into this question, for in the special finding of the jury the allowance of any damages for decrease in the rental value of the premises was negatived and the damages were expressly found as based on decrease in the value of the premises. It is clear from these special findings that the jury did not allow any damage which might have been allowed, perhaps

3. SAME: damages.

erroneously, under the instructions of the court, for drainage along the natural water course or depression, but allowed damages only for discharging water upon plaintiff's land not in a general course of natural drainage or in a natural depression, but otherwise. We cannot see how the jury could have given any consideration to the instructions of the court which were erroneous in finding damage under the instruction which as above indicated we think to have been correct. As applied to a state of facts which must have been found by the jury in order to warrant the finding of any verdict for the plaintiff in view of the special findings there was no conflict in the instructions taken as a whole. The court expressly directed the jury not to allow any amount for decrease in rental value additional to the allowance of decrease in fair market value. The jury could not have allowed plaintiff anything for damage to hay claimed in addition to loss of rental value during the year between the construction of the drain and the passage of the statute, because the special finding is specifically of $300 damages for decrease in market value of the farm (as distinct from rental value) and that is the amount of the general verdict.

In the recital of errors relied upon for reversal there are several specifications as to evidence claimed to have been erroneously admitted over defendant's objection, but as these errors are not further noticed in the brief or argument we need not discuss them.

There is some contention with reference to a highway ditch into which the water from defendant's tile drain was discharged and from which it flowed upon 'plaintiff's premises, but as this ditch was not constructed by the plaintiff and was not along the natural course of drainage defendant acquired no right to discharge the water from his land into this ditch to plaintiff's damage. *Schofield v. Cooper,* 126 Iowa 334. The court correctly instructed the jury that the evidence with reference to this ditch should be considered only as bearing

4. Drainage: exemption from liability for damage.

on the question whether the water from defendant's tile drain did in fact flow upon the plaintiff's land.

When this appeal was first submitted an opinion was written reversing the jurgment of the lower court, but on a petition for rehearing this opinion was set aside, and the case was resubmitted for further argument. In the course of such further argument counsel for appellant has alleged some grounds for reversal which were not relied upon in the original argument, and in a motion submitted with the case, counsel for appellee have moved that these additional grounds be stricken from the argument. It has been difficult to distinguish between the grounds previously presented and those now alleged for the first time, and we have considered all the questions presented on the reargument as fully as we think necessary in now disposing of the case. In doing so we do not wish to be understood as countenancing the practice of presenting new grounds for reversal after a rehearing has been ordered, but, as we can satisfactorily dispose of every question presented without specifically ruling on appellee's motion we have thought it best to disregard it and decide the case as it has been finally presented.

For the same reason we have found it unnecessary to pass upon appellant's motion also submitted with the case to strike appellee's second amendment to appellant's abstract, which was filed after the rehearing so granted. The case has been determined on the record as originally submitted.

The judgment of the trial court is *affirmed*.