Joseph Parizek, Appellant, v. Anton Hinek, Appellee.

**Drainage:** water courses: tile drains: prescriptive right. A swale or depression over which water naturally flows is a water course, although it may have no defined banks; and a landowner may acquire the right by prescription to discharge subterranean waters into such a water course; so that where defendant constructed a tile drain on his own land along the course of the natural flow of the surface water, following the course of an old ditch, thus discharging the water from a pond on his own land into an open ditch connecting with a creek on plaintiff's land, and it appeared that defendant had not thereby materially increased the flow of water, plaintiff was not entitled to damages because of an increased flow of surface and subterranean waters.

**Same:** increased flow of surface water. The owner of the dominant estate has the right to drain his land into a natural watercourse, even though the quantity of water cast upon the servient estate is thereby somewhat increased.

*Appeal from Johnson District Court.*—Hon. R. P. Howell, Judge.

Saturday, November 20, 1909.

Suit in equity to recover damages for the flooding of plaintiff's land, and to enjoin defendant from discharging water from a tile drain in such a manner as to injure plaintiff's property. The trial court dismissed the petition, and plaintiff appeals. *Affirmed.*

*A. E. Maine,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

Deemer, J.—Plaintiff and defendant are the owners of adjoining tracts of land; defendant owning the dominant and plaintiff the servient estate. Plaintiff claims that defendant constructed a tile drain upon his land in such a manner as to collect and discharge surface and subterranean water in a manner different from the natural discharge and in larger quantities, to plaintiff's damage. Defendant admitted the construction of the tile drain in the year 1905; but he says, among other things, that he laid it in the course of natural drainage, and substantially in a mole ditch, which had been constructed in the year 1875 by one who owned both tracts of land; that his tile drain does not discharge any more water upon plaintiff than has gone there since the year 1875, and that as the tile drain ended on defendant's land, and did not directly discharge water upon the plaintiff, there can be no recovery for the reason that the water rose from the outlet of the tile, which was something like one foot below the level of the ground, and spread out upon the ground, and ran upon plaintiff's land in its natural course, according to the usual laws of gravitation. Appellee contends that the case was properly decided in the district court, for the reasons (1) that plaintiff did not show he had sustained any damage due to the construction of the tile drain; (2) that there is no evidence to show that defendant materially or unduly increased the volume of water which naturally went upon plaintiff's land; and (3) that by reason of the construction and use of the mole ditch many years ago, defendant acquired a prescriptive right to discharge the water through the tile drain.

The law of the case is very well settled by statute and by our recent decisions. It is provided by section

1989-a53 of the Code Supplement of 1907: "Owners of

1. DRAINAGE: water courses: tile drains: prescriptive right.

land may drain the same in the general course of natural drainage, by constructing open or covered drains, discharging the same into any natural watercourse, or into any natural depression, whereby the water will·be carried into some natural watercourse, and when such drainage is wholly upon the owner's land he shall not be liable in damages therefor to any person or persons or corporation. Nothing in this act shall, in any manner, be construed to affect the rights or liabilities of proprietors in respect to running waters or streams." This but announces the law as it had theretofore been declared by this court. *Dorr v. Simmerson,* 127 Iowa, 551; *Hull v. Harker,* 130 Iowa, 190; *Pohlman v. Railway Co.,* 131 Iowa, 89. Again, it is the rule of this state that a swale or depression through and over which surface water runs according to the laws of nature is a watercourse, even though this depression or swale has no well-defined banks. *Hull v. Harker, supra;* cases cited. Again, it is well settled that one may acquire the right to discharge subterranean water in a given course by prescription. *Sheker v. Machovec,* 139 Iowa, 1.

A contour map and a plat and profile of the drainage system involved, introduced in evidence in the court below, have been certified to this court, and from these and the testimony adduced, which we have carefully reviewed, we find the following facts: Surface water from the north and west of defendant's land comes upon his property through culverts in highways to the north and west, and is carried over and across his premises to a point a few feet north of defendant's south line, where it turns to the south and empties into a big ditch which extends into plaintiff's land, where it runs for several rods, and is then discharged into Buck Creek, and from there it runs into a river. When not running in a well-defined channel, this surface water follows natural depressions or swales across defend-

ant's land, and into and across that belonging to plaintiff. There is a fall of something like twelve feet from the point where the swales converge on · defendant's land to the line between the two tracts, and of something like seven feet from this point to the open ditch. The tile complained of is wholly upon defendant's land, and, as we have already said, was laid in the course of the mole ditch, which was constructed more than thirty years ago. Although plaintiff contends that defendant has drained out a pond upon his own land, and has conducted the water therefrom upon plaintiff's land, we do not think that the record establishes the claim. Indeed, we are constrained to hold that defendant has not materially increased the flow of the surface water upon plaintiff's land. Moreover, the testimony in our opinion affirmatively shows that plaintiff has not been damaged to any appreciable extent by the construction of the tile drain. He admits that he was not damaged in the year 1906. His claim is that he was damaged in the year 1907, but the testimony upon the proposition is that there was a very heavy rainfall during this season, and that the water of which he complains did not come through the tile drain, but from the surface of the ground, washing down cornstalks and other debris upon his land. It does not sufficiently appear that plaintiff has suffered any damage due to the construction and use of the tile drain. Again, the record shows that defendant has done nothing more than he was authorized to do under the law and the decisions hitherto quoted and referred to.

Plaintiff has a tile upon his own land, and if he were to extend this and arrange for a connection with that put in by the defendant it would not only be a neighborly act, but one dictated by good husbandry and to the mutual advantage of the parties. It is to be hoped that the agriculturists of the state will recognize the rule announced in *Dorr v. Simmerson, supra,* to the end that valuable lands may be reclaimed

2. Same: increased flow of surface water.

to their owners.  The rule there stated is as follows:  "In view of known conditions in this state we are quite ready to hold that the owner of the dominant estate has the right, by ditches or drains, to drain his land into the natural and usual channels which nature has provided, even though the quantity of water cast upon the servient estate may be somewhat increased.  Such a rule seems indispensable to the proper reclamation of land, and is no more than good neighborship requires."  The statute already referred to announces this rule, and, if followed, will save much future litigation.  We are of the opinion that by reason of the construction and maintenance of the mole ditch for so many years without objection or protest from plaintiff or any of his grantors, defendant acquired the right to put in his tile drain along the course of this ditch.

The trial court was right in dismissing the petition, and its decree must be, and it is, *affirmed*.