**R. F. GILMORE, Appellant,**

**v.**

**The NEW BECK LEVEE DISTRICT, HARRISON COUNTY, Iowa, and the Board of Supervisors of Harrison County, Iowa Acting on behalf of said Levee District, Appellees.**

**No. 270.**

Supreme Court of Iowa.

Nov. 14, 1973.

**478**

Noel K. Mumm, Missouri Valley, for appellant.

Gary J. Altwegg, of Murray & Altwegg, Logan, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff appeals trial court's judgment dismissing his appeal from an order of the defendant board of supervisors establishing a public highway upon a drainage levee crossing his farm. Trial court held the board's action was authorized by Code § 455.117 without resort to eminent domain procedures. We reverse because we find the statute does not apply in this case and the action was not otherwise authorized.

The issue was tried on stipulated facts. The parties agreed defendant New Beck Levee District was organized in 1927 pursuant to a petition signed by landowners including John Clinkenbeard, predecessor in title of plaintiff R. F. Gilmore. In establishing the district the board also approved an engineer's report recommending construction of a levee through the property now owned by plaintiff. Shortly thereafter that levee was constructed.

No easement in favor of the drainage district from any record titleholder to the land now owned by plaintiff showing the district's right to construct and maintain the levee is anywhere recorded. The levee has however existed and been maintained with plaintiff's knowledge and consent.

In 1965 the board of supervisors vacated a road providing access to unimproved land owned by one Walter Pegg, now deceased. On February 17, 1972, without prior notice to plaintiff, the board passed a resolution under purported authority of Code § 455.117 for construction of a road upon the levee on plaintiff's land to provide access to the Pegg land. Appeal was taken to district court pursuant to Code § 455.92.

Trial court held the drainage district acquired an easement to construct the levee

and to establish a public highway upon it when the district was established. The court ruled the board's action was authorized by Code § 455.117.

That code section provides:

"The board shall have power to establish public highways along and upon any levee or embankment along any such ditch or drain, but when so established the same shall be worked and maintained as other highways and so as not to obstruct or impair the levee, ditch or drain."

This section appeared in the 1927 Code as § 7538. It has been part of the law since 1913.

■■ I. Notice of an easement sufficient to charge a purchaser with its burden must be constructive or actual. Constructive notice is given by compliance with recording statutes. McKeon v. Brammer, 238 Iowa 1113, 1118–1119, 29 N.W.2d 518, 521–522 (1947); see § 455.186, The Code. Defendants admit no easement was recorded in this case. The records show only that the drainage district was established upon petition joined by plaintiff's predecessor in title.

■ Actual notice depends upon the purchaser having either actual knowledge of the easement or knowledge of sufficient facts to charge him with a duty to make inquiry which would reveal the existence of the easement. Raub v. General Income Sponsors of Iowa, 176 N.W.2d 216, 220 (Iowa 1970). Here defendants do not allege plaintiff purchased the property with actual knowledge of an easement. He did purchase with actual knowledge a drainage levee was on the property.

■ It is true the drainage levee is open and obvious evidence the land was subject to some kind of servitude. 25 Am. Jur.2d Easements and Licenses § 98; 28 C.J.S. Easements § 49; 2 G. Thompson, Real Property, § 434 (1961 Replacement).

Plaintiff had a duty to make such investigation as a reasonably diligent and prudent person would make under like circumstances and is charged with such knowledge of the servitude as that investigation would have revealed. Raub v. General Income Sponsors, Inc., supra. But what would that investigation have revealed? There is no evidence of an unrecorded easement in this case. Defendants do not suggest an investigation would have revealed anything more than plaintiff already knew. The stipulated facts contain no evidence an easement was obtained pursuant to statute. Plaintiff cannot be charged with actual notice of a right which is not shown to exist.

■ Defendants ask us to assume in the absence of evidence that when the district was established a right of way easement for the levee was taken from Clinkenbeard and he either dedicated it to the district or was paid damages for it pursuant to statute. If that assumption is made, it follows the board at the same time acquired a statutory right to establish a public highway upon the levee. But we cannot assume the district received an easement pursuant to statute simply because a drainage district was established upon petition joined by plaintiff's predecessor in title and later a drainage levee was constructed on the predecessor's land. That assumption would be speculative. There is no evidence an easement for the levee was obtained pursuant to statute. Without proof the statute was followed in establishing the levee, the board could not rely upon the statute as the source of its right to put a road on it.

■ II. Defendants argue alternatively that they acquired an easement for the levee by prescription which included the right to establish the road. It is well established a drainage easement may be acquired by prescription. McKeon v. Brammer, supra; Nixon v. Welch, 238 Iowa 34, 24 N.W.2d 476 (1946); Hayes v. Oyer, 164 Iowa 697, 146 N.W. 857 (1914); annot. 55 A.L.R.2d 1144 et seq.

■ Plaintiff concedes the drainage district had a prescriptive easement for the levee in this case, but that concession does not help defendants. The extent of a prescriptive easement is determined by the user under which it was acquired. Any greater or different use is unauthorized without acquisition of new rights. Loughman v. Couchman, 243 Iowa 718, 723, 53 N.W.2d 286, 289 (1952) ("the extent of an easement created by prescription is measured by the use through which it arose"); 25 Am.Jur.2d Easements and Licenses § 84; 28 C.J.S. Easements § 73; see annot., 5 A. L.R.3d 439.

■ Under the stipulated record in this case it is manifest the district acquired no prescriptive right to establish a public highway upon the levee on plaintiff's land. Such a use substantially deviates from and materially exceeds any right acquired by prescription.

The board of supervisors was without authority to establish a road upon the levee either under Code § 455.117 or by prescriptive easement. Trial court erred in dismissing plaintiff's petition.

Reversed.